# EXHIBIT F

Ernest E. Badway. Esq. (EEB-0105)
SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC
44 Wall Street, 12th Floor
New York, NY 10005
(212) 461-2323

Attorneys for Defendants
Cyberlux Corporation and Donald F. Evans

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AJW PARTNERS, LLC, AJW OFFSHORE,
LTD, AJW QUALIFIED PARTNERS, LLC,
NEW MILLENIUM CAPITAL PARTNERS II,
LLC and AJW MASTER FUND, LTD.,

                  Plaintiffs,

v.

CYBERLUX CORPORATION and DONALD
F. EVANS,

                  Defendants.

Case No. **07 CIV 8367**

**NOTICE OF REMOVAL**



RECEIVED
SEP 2 8 2007
U.S.D.C. S.D.N.Y.
CASHIERS

---

Defendants Cyberlux Corporation and Donald F. Evans (collectively,

"Defendants"), by and through their counsel, Saiber Schlesinger Satz & Goldstein, LLC,

pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this action from the Supreme Court of

New York, New York County, to the United States District Court for the Southern District of

New York on the following grounds:

       1.      On or about September 17, 2007, plaintiffs AJW Partners, LLC, AJW

Offshore, Ltd, AJW Qualified Partners, LLC, and New Millennium Capital Partners II, LLC and

AJW Master Fund, Ltd.(collectively, "Plaintiffs"), filed a Complaint, Index No. 603098/07, in

{00498585.DOC}

the Supreme Court of the State of New York, County of New York, a state court embraced within this judicial district. A copy of the papers received by Defendants herein in connection with Plaintiffs' filing is annexed hereto as Exhibit A.

2.    However, Defendants previously served upon Plaintiffs a complaint filed in the United States District Court for the Southern District of New York on or about September 4, 2007, involving the same issues contained in this Complaint.

3.    The Complaint was purportedly served upon Defendants on or about September 18, 2007. No other pleadings, to the best of Defendants' knowledge, have been filed with the New York Supreme Court.

4.    This Court has removal jurisdiction over this lawsuit under 28 U.S.C. § 1332, that conveys original federal subject matter jurisdiction in cases between citizens of a state and citizens or subjects of a foreign state and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.    Based on the allegations in the Complaint, Plaintiffs seek sums due under certain Callable Secured Convertible Notes, that Plaintiffs allege to be in an amount in excess of $1,500,000, and, therefore, in excess of $75,000.

6.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed, and provides that the Notice of Removal shall be filed within thirty (30) days after receipt by Defendants, by service or otherwise of the initial pleading.

7.    At all times relevant, plaintiff New Millennium Partners II, LLC, was and is a limited liability company organized under the laws of the State of New York, with its principal office in Roslyn, New York, as alleged in the Complaint.

8.    At all times relevant, plaintiff AJW Partners, LLC, was and is a limited liability company organized under the laws of the State of Delaware, with its principal office in Roslyn, New York, as alleged in the Complaint.

9.    At all times relevant, plaintiff AJW Offshore, Ltd., was and is a corporation organized under the laws of the Cayman Islands, with its principal office in Roslyn, New York, as alleged in the Complaint.

10.    At all times relevant, plaintiff AJW Qualified Partners LLC, was and is a limited liability company organized under the laws of New York, with its principal office in Roslyn, New York, as alleged in the Complaint.

11.    At all times relevant, plaintiff AJW Master Fund, Ltd. is a corporation organized under the laws of the Cayman Islands.

12.    At all times relevant, defendant Cyberlux Corporation ("Cyberlux") was and is a corporation organized under the laws of the State of Nevada, with its principal place of business in Durham, North Carolina, as alleged in the Complaint.

13.    At all times relevant, defendant Donald F. Evans was and is an executive officer of Cyberlux and a North Carolina resident.

14.    Plaintiffs seek damages in excess of $75,000 (exclusive of interest, costs and punitive damages).

15.    Thus, this case is removable within the meaning of 28 U.S.C. § 1446(b) because complete diversity has existed since the action was filed and at the time of removal.

16.    Defendants' Notice of Removal, filed this 25th day of September, 2007, is timely, as it is filed within thirty (30) days of service on Defendants of Plaintiffs' Summons and Complaint in this matter.  28 U.S.C. §§ 1441 and 1446.

17.    Since this is an action that this Court has original jurisdiction over under the provisions of § 1332 of Title 28 of the United States Code, it is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a controversy between citizens of a state and citizens or subjects of a foreign state and allegedly exceeds the jurisdictional amount.

18.    There are no other parties who need to consent to the removal of this action.

19.    Pursuant to 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice of Removal with the Supreme Court of New York, New York County, promptly after the filing of this Notice of Removal in this Court, and will give written notice of this Notice of Removal to Plaintiffs. A true and correct copy of the Notice of Filing of the Notice of Removal is annexed hereto as Exhibit B.

**WHEREFORE,** Defendants respectfully provide Notice of Removal of the above entitled action to this Court.

Dated:  New York, New York
       September 25, 2007

Respectfully submitted,

SAIBER SCHLESINGER SATZ
& GOLDSTEIN, LLC

By
    ERNEST E. BADWAY (EEB-0105)
    44 Wall Street, 12th Floor
    New York, NY 10005
    (212) 461-2323

Attorneys for Defendants Cyberlux
Corporation and Donald F. Evans

4

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

AJW PARTNERS, LLC, AJW OFFSHORE,
LTD, AJW QUALIFIED PARTNERS, LLC,
NEW MILLENNIUM CAPITAL PARTNERS
II, LLC, and AJW MASTER FUND, LTD.

Index No. 603098/2007

Purchase Date: *September 17, 2007*

**SUMMONS**

                                        Plaintiffs,

            -against-

CYBERLUX CORPORATION and
DONALD F. EVANS,

Plaintiff designates New York County
as the place of trial

Defendants have consented to be sued in
New York County.

                                        Defendants.

---

To:    Cyberlux Corporation
       4625 Creekstone Drive, Suite 130
       Durham, North Carolina 27703

       Donald F. Evans
       Cyberlux Corporation
       4625 Creekstone Drive, Suite 130
       Durham, North Carolina 27703

NEW YORK
COUNTY CLERK'S OFFICE

SEP 1 7 2007

NOT COMPARED
WITH COPY FILE

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiffs' attorneys an

answer to its complaint in this action within twenty (20) days after the service of this summons,

exclusive of the day of service (or within thirty (30) days after the service is complete if this

summons is not personally delivered to you within the State of New York), and in the case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the complaint.

Dated: New York, New York
September 17, 2007

OLSHAN GRUNDMAN FROME ROSENZWEIG
& WOLOSKY LLP

By: _____

Thomas J. Fleming, Esq.
*Attorneys for Plaintiffs*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
212.451.2300

552641-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

AJW PARTNERS, LLC, AJW OFFSHORE, LTD,
AJW QUALIFIED PARTNERS, LLC, NEW
MILLENNIUM CAPITAL PARTNERS II, LLC, and
AJW MASTER FUND, LTD.

                         Plaintiffs,

-against-

CYBERLUX CORPORATION and
DONALD F. EVANS,

                         Defendants.

Index No. 603698/2007

COMPLAINT

NEW YORK
COUNTY CLERK'S OFFICE

SEP 1 7 2007

NOT COMPARED
WITH COPY FILE

         Plaintiffs AJW Partners, LLC, AJW Offshore Ltd., AJW Qualified Partners, LLC, and

New Millennium Capital Partners II, LLC and AJW Master Fund, Ltd., (collectively, the

"Plaintiffs") by their attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP, for their

Complaint, allege:

The Parties

         1.      Plaintiff New Millennium Capital Partners II, LLC ("New Millennium" or

"NMCP") is a limited liability company organized under the laws of the State of New York, with

its principal office in Roslyn, New York.

         2.      Plaintiff AJW Partners, LLC ("AJW Partners" or "AJWP") is a limited liability

company organized under the laws of the State of Delaware, with its principal office in Roslyn,

New York.

         3.      Plaintiff AJW Offshore, Ltd. ("AJW Offshore" or "AJWO") is a corporation

organized under the laws of the Cayman Islands, with its principal office in Roslyn, New York.

4.    Plaintiff AJW Qualified Partners LLC ("AJW Qualified" or "AJWQP") is a limited liability company organized under the laws of New York, with its principal office in Roslyn, New York.

5.    Plaintiff AJW Master Fund, Ltd. ("AJW MF") is a corporation organized under the laws of the Cayman Islands.

6.    Defendant Cyberlux Corporation ("Cyberlux") is a corporation organized under the laws of the State of Nevada, with its principal place of business in Durham, North Carolina. Cyberlux's common stock is registered with the United States Securities and Exchange Commission (the "SEC") and its shares are publicly traded on the NASDAQ bulletin board under the symbol "CYBL.OB."

7.    Defendant Donald Evans ("Evans") is an executive officer of Cyberlux who issued a personal guaranty of its debts to plaintiffs.

<u>Jurisdiction and Venue</u>

8.    Defendant has consented to be sued in this County. Defendant also has had sufficient contacts for such jurisdiction, from which contacts the claims asserted here in arise.

<u>The Notes Issued to Plaintiffs</u>

9.    In September 2004, Cyberlux entered into a Securities Purchase Agreement with Plaintiffs, under which it agreed to issue, for good and valuable consideration, certain Callable Secured Convertible Notes (the "Notes") in the aggregate principal amount of $1,500,000. All of the Notes referenced herein are in substantially similar form.

10.    For good and valuable consideration paid to Cyberlux, plaintiff AJW Partners received Notes in September 2004 in the aggregate principal amount of $80,000, and warrants to purchase 120,000 shares of Cyberlux's common stock at an exercise price of $0.50 per share.

2

11.    For good and valuable consideration paid to Cyberlux, plaintiff AJW Offshore received Notes in September 2004 in the aggregate principal amount of $185,000, and warrants to purchase 277,500 shares of Cyberlux's common stock at an exercise price of $0.50 per share.

12.    For good and valuable consideration paid to Cyberlux, plaintiff AJW Qualified received Notes in September 2004 in the aggregate principal amount of $220,000, and warrants to purchase 330,000 shares of Cyberlux's common stock at an exercise price of $0.50 per share.

13.    For good and valuable consideration paid to Cyberlux, plaintiff New Millennium received Notes in September 2004 in the aggregate principal amount of $15,000, and warrants to purchase 22,500 shares of Cyberlux's common stock at an exercise price of $0.50 per share.

14.    The Notes define as an Event of Default, *inter alia*, Cyberlux's failure to issue shares of its common stock to Plaintiffs in response to Plaintiffs' exercise of their conversion rights, or to announce or threaten that it will not honor its obligation to do so.

15.    Since September 2004, Plaintiffs have purchased additional Notes and warrants from Cyberlux, the texts of which are substantially identical to those of the Notes and warrants that Cyberlux issued to Plaintiffs in September 2004, as follows:

a. April 22, 2005. Aggregate principal amount: $1,500,000.

| | Aggregate Notes | Aggregate warrants at $0.30 per share |
|---|---|---|
| NMCP | $    30,000 | 500,000 |
| AJWP | $  150,000 | 2,5000,000 |
| AJWO | $  780,000 | 9,841,000 |
| AJWQP | $  540,000 | 9,000,000 |

b. October 24, 2005. Aggregate principal amount: $800,000.

| Aggregate Notes | Aggregate warrants |
|---|---|

3

|  |  | at $0.10 per share |
|---|---|---|
| NMCP | $ 12,000.00 | 12,000 |
| AJWP | $ 97,000.00 | 97,600 |
| AJWO | $ 432,800.00 | 432,800 |
| AJWQP | $ 257,600.00 | 257,600 |

c. <u>December 28, 2005</u>. Aggregate principal amount: $700,000.

|  | Aggregate Notes | Aggregate warrants at $0.15 per share |
|---|---|---|
| NMCP | $ 10,500.00 | 10,500 |
| AJWP | $ 81,900.00 | 81,900 |
| AJWO | $ 378,000.00 | 378,000 |
| AJWQP | $ 229,600.00 | 229,600 |

d. <u>March 27, 2006</u>. Aggregate principal amount: $500,000.

|  | Aggregate Notes | Aggregate warrants at $0.10 per share |
|---|---|---|
| NMCP | $ 5,000.00 | 190,000 |
| AJWP | $ 55,000.00 | 2,090,000 |
| AJWO | $ 305,000.00 | 11,590,000 |
| AJWQP | $ 135,000.00 | 5,130,000 |

e. <u>July 26, 2006</u>. Aggregate principal amount: $500,000.

|  | Aggregate Notes | Aggregate warrants at $0.06 per share |
|---|---|---|
| NMCP | $ 6,500.00 | 195,000 |
| AJWP | $ 48,500.00 | 1,455,000 |
| AJWO | $ 295,000.00 | 8,850,000 |

4

| AJWQP | $ 150,000.00 | 4,500,000 |

f. <u>September 26, 2006</u>. Aggregate principal amount: $280,000.

|  | Aggregate Notes | Aggregate warrants at $0.06 per share |
|---|---|---|
| NMCP | $ 2,800.00 | 100,000 |
| AJWP | $ 25,200.00 | 900,000 |
| AJWO | $ 168,000.00 | 6,000,000 |
| AJWQP | $ 84,000.00 | 3,000,000 |

g. <u>December 20, 2006</u>. Aggregate principal amount: $600,000.

|  | Aggregate Notes | Aggregate warrants at $0.06 per share |
|---|---|---|
| NMCP | $ 7,200.00 | 240,000 |
| AJWP | $ 52,200.00 | 1,740,000 |
| AJWO | $ 358,800.00 | 11,960,000 |
| AJWQP | $ 181,800.00 | 6,060,000 |

h. <u>April 18, 2007</u>. Aggregate principal amount: $400,000.

|  | Aggregate Notes | Aggregate warrants at $0.02 per share |
|---|---|---|
| NMCP | $ 12,000 | 300,000 |
| AJWP | $ 20,000 | 500,000 |
| AJWO | $ 320,000 | 8,000,000 |
| AJWQP | $ 48,000 | 1,200,000 |

i. <u>May 1, 2007</u>. Aggregate principal amount: $150,000.

|  | Aggregate Notes | Aggregate warrants at $0.02 per share |
|---|---|---|
| NMCP | $ 4,500.00 | 300,000 |

5

| | | |
|---|---|---|
| AJWP | $ 7,500.00 | 500,000 |
| AJWO | $ 120,000.00 | 9,200,000 |
| AJWQP | $ 18,000.00 | (missing) |

j. <u>June 4, 2007</u>. Aggregate principal amount: $120,000.

| | Aggregate Notes | Aggregate warrants at $0.02 per share |
|---|---|---|
| NMCP | $ 2,400.00 | 20,000 |
| AJWP | $ 14,400.00 | 120,000 |
| AJWO | $ 96,000.00 | 800,000 |
| AJWQP | $ 7,200.00 | 60,000 |

k. <u>June 20, 2007</u>. Aggregate principal amount: $150,000.

| | Aggregate Notes | Aggregate warrants at $0.02 per share |
|---|---|---|
| NMCP | $1,650.00 | 110,000 |
| AJWP | $13,200.00 | 880,000 |
| AJW MF | $135,150 | 9,010,000 |

l. <u>July 13, 2007</u>. Aggregate principal amount: $150,000.

| | Aggregate Notes | Aggregate warrants at $0.02 per share |
|---|---|---|
| NMCP | $1,650.00 | 110,000 |
| AJWP | $13,200.00 | 880,000 |
| AJW MF | $135,150 | 9,010,000 |

16.    In each of the above-listed transactions, Plaintiffs and Cyberlux entered into a

Securities Purchase Agreement, Security Agreement, Intellectual Property Security Agreement,

6

and other agreements, the texts of which are substantially similar to those of the agreements that Plaintiffs and Cyberlux entered into in September 2004.

17.    Cyberlux has defaulted on the outstanding Notes, the Securities Purchase Agreement, and the other agreements by, among other things, refusing to issue shares of its common stock to Plaintiffs in response to duly presented notices of conversion. Cyberlux has also announced that it will not honor future conversions. As a result of the foregoing default, Plaintiffs have exercised their right under the Notes to accelerate and demand payment in full of the Default Sum or Default Amount, as defined in Section 3.10 of the Notes, plus appropriate interest and penalties.

The Security Agreements

18.    Under the Security Agreement and Intellectual Property Security Agreement, Cyberlux induced Plaintiffs to purchase the Notes by granting them a first priority security interest in all of Cyberlux's goods, inventory, contract rights, general intangibles, patents, trademarks, copyrights, receivables, and documents. The Security Agreement and Intellectual Property Security Agreement provide that if an Event of Default under the Notes occurs, Plaintiffs shall have all rights available under the Uniform Commercial Code, plus the right to immediate possession of the collateral and the right to operate Cyberlux's business using the collateral.

19.    Plaintiffs duly perfected their security interests under the Security Agreement and Intellectual Property Security Agreement in connection with each of the transactions.

Defendant Evans' Guaranty

20.    In September 2004 and in April 2005, defendant Donald F. Evans executed a Guaranty and Pledge Agreement whereby he guaranteed unconditionally all of Cyberlux's

7

obligations to Plaintiffs, whether then or thereafter existing, pursuant to the Notes issued at those times and pledged shares of Cyberlux stock as collateral for his guaranty.

21.    Under the Guaranty and Pledge Agreement, Evans agreed, *inter alia*, that he would not sell, assign, transfer, pledge, hypothecate, encumber or otherwise dispose of any of the shares that he had pledged as collateral for his guaranty.

22.    Under the Guaranty and Pledge Agreement, Evans agreed, *inter alia*, that if an Event of Default occurred under any of Cyberlux's obligations to Plaintiffs, Plaintiffs would have, *inter alia*, the rights to (a) receive and retain all dividends or distributions from the pledged shares; (b) transfer the pledged shares to Plaintiffs or their designees; (c) sell the pledged shares at a public or private sale; and (d) proceed by a suit in law or equity to foreclose their security interests in the pledged shares.

Attorneys Fees

23.    In addition to the foregoing, upon a default, Plaintiffs are entitled to an award of attorneys' fees pursuant to Section 4.5 of the Notes, and Section 8(a) of the Securities Purchase Agreement.

First Claim for Relief
(Breach of Contract)

24.    Plaintiffs restate the allegations in paragraphs 1 through 23.

25.    Based upon the foregoing, Cyberlux has breached its obligations to AJW Partners under the Notes. As a direct, approximate and foreseeable result of Cyberlux's breach, AJW Partners is entitled to recover from Cyberlux an amount to be determined at trial, representing the Default Sum or Default Amount as defined in Section 3.10 of the Notes, plus all interest and penalties, and attorneys' fees.

8

551857-1

Second Claim for Relief<br>(Breach of Contract)

26.    Plaintiffs restate the allegations in paragraphs 1 through 23.

27.    Based upon the foregoing, Cyberlux has breached its obligations to AJ W Offshore under the Notes. As a direct, approximate and foreseeable result of Cyberlux's breach, AJW Offshore is entitled to recover from Cyberlux an amount to be determined at trial, representing the Default Sum or Default Amount as defined in Section 3.10 of the Notes, plus all interest and penalties, and attorneys' fees.

Third Claim for Relief<br>(Breach of Contract)

28.    Plaintiffs restate the allegations in paragraphs 1 through 23.

29.    Based upon the foregoing, Cyberlux has breached its obligations to AJW Qualified under the Notes. As a direct, approximate and foreseeable result of Cyberlux's breach, AJW Qualified is entitled to recover from Cyberlux an amount to be determined at trial, representing the Default Sum or Default Amount as defined in Section 3.10 of the Notes, plus all interest and penalties, and attorneys' fees.

Fourth Claim for Relief<br>(Breach of Contract)

30.    Plaintiffs restate the allegations in paragraphs 1 through 23.

31.    Based upon the foregoing, Cyberlux has breached its obligations to New Millennium under the Notes. As a direct, approximate and foreseeable result of Cyberlux's breach, New Millennium is entitled to recover from Cyberlux an amount to be determined at trial, representing the Default Sum or Default Amount as defined in Section 3.10 of the Notes, plus all interest and penalties, and attorneys' fees.

9

551857-1

### Fifth Claim for Relief
(Breach of Contract)

32.    Plaintiffs restate the allegations in paragraphs 1 through 23.

33.    Based upon the foregoing, Cyberlux has breached its obligations to AJW Master Fund under the Notes. As a direct, approximate and foreseeable result of Cyberlux's breach, AJW Master Fund is entitled to recover from Cyberlux an amount to be determined at trial, representing the Default Sum or Default Amount as defined in Section 3.10 of the Notes, plus all interest and penalties, and attorneys' fees.

### Sixth Claim for Relief
(Breach of Contract)

34.    Plaintiffs restate the allegations in paragraphs 1 through 23.

35.    Based upon the foregoing, Plaintiffs are entitled to an Order directing Cyberlux to marshal, in preparation for foreclosure, all of its assets in which Plaintiffs have a security interest under the Security Agreement and Intellectual Property Security Agreement, and deliver promptly to Plaintiffs a list of those assets and their locations.

36.    Plaintiffs have no adequate remedy at law.

### Seventh Claim for Relief
(Breach of Contract)

37.    Plaintiffs restate the allegations in paragraphs 1 through 23.

38.    Based upon the foregoing, Plaintiffs are entitled to an Order directing Evans to marshal, in preparation for foreclosure, all of the Collateral in which Plaintiffs have a security interest under the Guaranty and Pledge Agreement, and deliver promptly to Plaintiffs those assets for liquidation.

39.    Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants:

10

A.   Against defendant Cyberlux, awarding plaintiffs all sums due under the

Notes, plus prejudgment interest, attorneys' fees, costs and disbursements,

in an amount to be determined at trial but believed to be in excess of

$6,000,000.

B.   Against defendant Evans, awarding plaintiffs all sums due under the

Guaranty Agreement, plus interest and costs.

C.   Ordering that Cyberlux marshal, in preparation for foreclosure, all of its

assets in which Plaintiffs have a security interest under the Security

Agreement and Intellectual Property Security Agreement, and deliver

promptly to Plaintiffs a list of those assets and their location.

D.   Ordering that Evans marshal, in preparation for foreclosure, all of its

assets in which Plaintiffs have a security interest under the guaranty and

Pledge Agreement.

E.   Granting such other and further relief as the Court deems just and proper.

Dated: New, York, New York
       September 17, 2007

                          OLSHAN GRUNDMAN FROME
                          ROSENZWEIG & WOLOSKY LLP

                    By:   _____
                          Thomas J. Fleming
                          *Attorneys for Plaintiffs*
                          Park Avenue Tower
                          65 East 55th Street
                          New York, New York 10022
                          (212) 451-2300

11