# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
AJW PARTNERS, LLC, AJW OFFSHORE, LTD, :
AJW QUALIFIED PARTNERS, LLC, AND     :
NEW MILLENNIUM CAPITAL               :
PARTNERS II, LLC,                    :
        Plaintiffs,        :
                           : 07 Civ. 1835 (PAC)
    - against -        : ORDER
                           :
RG GLOBAL LIFESTYLES, INC. AND LOUIS  :
L. KNICKERBOCKER,                    :
        Defendants.        :
------------------------------------------------x
------------------------------------------------x
AJW PARTNERS, LLC, AJW OFFSHORE, LTD, :
AJW QUALIFIED PARTNERS, LLC, AND     :
NEW MILLENNIUM CAPITAL               :
PARTNERS II, LLC,                    :
        Plaintiffs,        : 07 Civ. 1836 (PAC)
    - against -        :
                           :
BOOTIE BEER CORPORATION,             :
        Defendant.         :
------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 0 7 2007

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs AJW Partners, LLC, AJW Offshore, LTD, AJW Qualified Partners, LLC, ("AJW Qualified") and New Millennium Capital Partners II, LLC ("NMCP") bring these two related actions for breach of contract against Defendants Bootie Beer Inc. ("Bootie Beer"), RG Global Lifestyles, Inc. ("RG Global"), and Louis Knickerbocker ("Knickerbocker").[1] These cases were originally brought in the Supreme Court of the State of New York, but the Defendants, represented by the same counsel, have removed their respective actions to this Court pursuant to 28 U.S.C. § 1441, based on this Court's diversity jurisdiction under 18 U.S.C. § 1332. Plaintiffs now move for

---

[1] Knickerbocker died in late April 2007, after the commencement of this action.

remand on the grounds that complete diversity does not exist among the parties in either case. The Court now grants both motions to remand.

Bootie Beer is incorporated and has its primary place of business in Florida. RG Global is incorporated and has its primary place of business in California, and Knickerbocker was a resident of California. AJW Qualified is a limited liability corporation, and bears the citizenship of each of its members for purposes of diversity jurisdiction. Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000).

Plaintiffs allege that Shefts Family L.P., a Delaware limited partnership, is a member of AJW Qualified. As a limited partnership, Shefts Family L.P. in turn bears the citizenship of each partner. Id. Plaintiffs allege that Mark Shefts ("Shefts") is a limited partner in Shefts Family L.P. and a resident of Florida. In support of their allegations, Plaintiffs present sworn statements by Shefts and Corey Ribotsky ("Ribotsky"), manager of AJW Qualified, along with a brief letter from Shefts to Ribotsky pertaining to Shefts Family L.P. investments in AJW Qualified.

Plaintiffs further allege that NC Global Consulting, LLC ("NC Consulting"), a limited liability corporation, is a member of AJW Qualified. Plaintiffs allege that Owen Naccarato ("Naccarato") is a member of NC Consulting and a resident of California. In support of their allegations, Plaintiffs present sworn statements by Naccarato and Ribotsky, and a copy of NC Consulting's subscription for membership in AJW Qualified.

The Court may exercise diversity jurisdiction only if there is complete diversity of citizenship among the parties, "i.e., only if there is no plaintiff and no

defendant who are citizens of the same State." Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 388 (1998) (internal quotation marks omitted). Defendants do not, and can not, dispute that diversity is incomplete if Shefts' and Naccarato's sworn statements are accurate. Instead they argue that statements and supporting evidence offered by Plaintiffs are self-serving and insufficient to support the conclusion that this Court lacks jurisdiction. Defendants do not, however, offer any rebuttal evidence.

The Court will not simply disregard unrebutted statements given under oath. If Plaintiffs have knowingly offered perjurious statements there are remedies available to Defendants, but the mere assertion that the statements are disingenuous is inadequate to demonstrate that this Court has jurisdiction. Even if there were any basis for doubting the statements, "federal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affairs Intern., Inc., 28 F.3d 269, 274 (2d Cir. 1994).

Plaintiffs' motions are GRANTED. These two actions are remanded to the New York State Supreme Court, and the Clerk of the Court is directed to close them.

Dated: New York, New York
June 6, 2007

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
AJW PARTNERS, LLC, AJW OFFSHORE, LTD, :
AJW QUALIFIED PARTNERS, LLC, AND
NEW MILLENNIUM CAPITAL
PARTNERS II, LLC,
        Plaintiffs,

   - against -

RG GLOBAL LIFESTYLES, INC. AND LOUIS
L. KNICKERBOCKER,
        Defendants.
------------------------------------x
------------------------------------x
AJW PARTNERS, LLC, AJW OFFSHORE, LTD, :
AJW QUALIFIED PARTNERS, LLC, AND
NEW MILLENNIUM CAPITAL
PARTNERS II, LLC,
        Plaintiffs,

   - against -

BOOTIE BEER CORPORATION,
        Defendant.
------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 0 7 2007

07 Civ. 1835 (PAC)
ORDER

07 Civ. 1836 (PAC)

HONORABLE PAUL A. CROTTY, United States District Judge:

    *Plaintiffs AJW Partners, LLC, AJW Offshore, LTD, AJW Qualified Partners, LLC, ("AJW Qualified") and New Millennium Capital Partners II, LLC ("NMCP") bring these two related actions for breach of contract against Defendants Bootie Beer Inc. ("Bootie Beer"), RG Global Lifestyles, Inc. ("RG Global"), and Louis Knickerbocker ("Knickerbocker").[1]* These cases were originally brought in the Supreme Court of the State of New York, but the Defendants, represented by the same counsel, have removed their respective actions to this Court pursuant to 28 U.S.C. § 1441, based on this Court's diversity jurisdiction under 18 U.S.C. § 1332. Plaintiffs now move for

---

[1] Knickerbocker died in late April 2007, after the commencement of this action.

remand on the grounds that complete diversity does not exist among the parties in either case. The Court now grants both motions to remand.

Bootie Beer is incorporated and has its primary place of business in Florida. RG Global is incorporated and has its primary place of business in California, and Knickerbocker was a resident of California. AJW Qualified is a limited liability corporation, and bears the citizenship of each of its members for purposes of diversity jurisdiction. Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000).

Plaintiffs allege that Shefts Family L.P., a Delaware limited partnership, is a member of AJW Qualified. As a limited partnership, Shefts Family L.P. in turn bears the citizenship of each partner. Id. Plaintiffs allege that Mark Shefts ("Shefts") is a limited partner in Shefts Family L.P. and a resident of Florida. In support of their allegations, Plaintiffs present sworn statements by Shefts and Corey Ribotsky ("Ribotsky"), manager of AJW Qualified, along with a brief letter from Shefts to Ribotsky pertaining to Shefts Family L.P. investments in AJW Qualified.

Plaintiffs further allege that NC Global Consulting, LLC ("NC Consulting"), a limited liability corporation, is a member of AJW Qualified. Plaintiffs allege that Owen Naccarato ("Naccarato") is a member of NC Consulting and a resident of California. In support of their allegations, Plaintiffs present sworn statements by Naccarato and Ribotsky, and a copy of NC Consulting's subscription for membership in AJW Qualified.

The Court may exercise diversity jurisdiction only if there is complete diversity of citizenship among the parties, "i.e., only if there is no plaintiff and no

defendant who are citizens of the same State." <u>Wisconsin Dep't of Corrections v. Schacht</u>, 524 U.S. 381, 388 (1998) (internal quotation marks omitted). Defendants do not, and can not, dispute that diversity is incomplete if Shefts' and Naccarato's sworn statements are accurate. Instead they argue that statements and supporting evidence offered by Plaintiffs are self-serving and insufficient to support the conclusion that this Court lacks jurisdiction. Defendants do not, however, offer any rebuttal evidence.

The Court will not simply disregard unrebutted statements given under oath. If Plaintiffs have knowingly offered perjurious statements there are remedies available to Defendants, but the mere assertion that the statements are disingenuous is inadequate to demonstrate that this Court has jurisdiction. Even if there were any basis for doubting the statements, "federal courts construe the removal statute narrowly, resolving any doubts against removability." <u>Lupo v. Human Affairs Intern., Inc.</u>, 28 F.3d 269, 274 (2d Cir. 1994).

Plaintiffs' motions are GRANTED. These two actions are remanded to the New York State Supreme Court, and the Clerk of the Court is directed to close them.

Dated: New York, New York
      June 6, 2007

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge