Thomas J. Fleming (TF 4423)
Jack M. Kint, Jr. (JK 7947)
OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300
Attorneys for Plaintiffs AJW Partners, LLC, AJW Offshore Ltd.,
AJW Qualified Partners, LLC, and New Millennium Capital Partners II, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AJW PARTNERS, LLC, AJW OFFSHORE, LTD, AJW QUALIFIED PARTNERS, LLC, and NEW MILLENNIUM CAPITAL PARTNERS II, LLC,<br><br>                                        Plaintiffs,<br><br>               -against-<br><br>CYBERLUX CORPORATION and DONALD F. EVANS,<br><br>                                        Defendants. | Case No. 07-CV-8367<br><br>ECF CASE |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION TO REMAND**

      Plaintiffs AJW Partners, LLC, AJW Offshore Ltd., AJW Qualified Partners, LLC, and New Millennium Capital Partners II, LLC, (collectively, the "Plaintiffs") by their attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP, submit this memorandum of law in support of their motion to remand the action to New York State Supreme Court pursuant to 28 U.S.C. § 1447(c).

Preliminary Statement

      Plaintiffs commenced this action to recover funds owed by defendants arising from their default on millions of dollars in secured convertible notes. Defendants removed to this Court, invoking its diversity jurisdiction by alleging that "complete diversity has existed since the action was filed and at the time of removal." Remand is mandated, however, because complete

554715-2

diversity does not exist, as defendants well know.  One of the plaintiff LLCs, by virtue of a member's domicile, is a citizen of the same state as defendant Cyberlux.

Defendants were well aware that complete diversity does not exist, and thus knew better than to waste the Court's time and resources, force plaintiffs to incur legal fees, and prolong this action by removing it.  In filings made last month in a related case involving the same parties, plaintiffs provided defendants with full documentation demonstrating the absence of diversity.  Earlier this year, defendants' counsel removed two other state-court actions to this Court, involving the same plaintiffs here; those cases were promptly remanded for lack of diversity, on facts identical to those presented on this motion.

Therefore, the Court should remand this action to New York State Supreme Court and award plaintiffs their attorneys' fees and disbursements pursuant to 28 U.S.C. § 1447(c).

## Factual Statement

The facts set forth below are from the Complaint in this matter, the Declaration of Jack M. Kint, Jr., and the exhibits thereto, and from the complaint in Cyberlux's pending action in this Court, 07 CV 7808 (DAB), against plaintiffs.  On the lack of diversity jurisdiction, defendants also submit as exhibits to Mr. Kint's declaration the Declarations of Corey Ribotsky, the manager of plaintiff New Millennium Capital Partners II, LLC ("NMCP") and Gary Post, a member of NMCP and resident of Nevada, that plaintiffs previously submitted in support of their pending motion to dismiss Civil Action No. 07 CV 7808.

### The Parties

Plaintiffs are all investment funds, based in Roslyn, New York, that loaned money to defendant Cyberlux Corporation ("Cyberlux") over a three-year period.  (Compl. ¶¶ 6-9)  Gary Post, a member of plaintiff New Millennium Capital Partners II, LLC, is a citizen of Nevada. (Kint Dec. ¶¶ 6-7, Exs. D and E)

2

Cyberlux is a corporation organized under the laws of the State of Nevada, with its principal place of business in Durham, North Carolina. (Compl. ¶ 5) Cyberlux designs, manufactures, and sells light-emitting diode lighting systems. Its shares trade publicly under the symbol "CYBL." (Compl. ¶ 17)

Cyberlux's Sale of Convertible Notes to Plaintiffs

Plaintiffs have loaned over $6 million to Cyberlux. To obtain the first loan from plaintiffs, Cyberlux entered into a Securities Purchase Agreement in September 2004 under which Cyberlux issued Callable Secured Convertible Notes (the "Notes") to plaintiffs in the aggregate principal amount of $1,500,000. (Compl. ¶¶ 9-15) After this transaction, plaintiffs purchased Notes from Cyberlux worth approximately $4.62 million between April 2005 and July 2007. (Compl. ¶ 15) Each of those transactions involved Notes with similar terms, memorialized in agreements of identical form. (Compl. ¶ 15)

Cyberlux's Default on the Notes

The Notes define as an "Event of Default," *inter alia*, Cyberlux's failure to timely honor, or threaten that it will not honor, a notice of conversion. (Kint Dec. ¶ 3, Ex. A § 3.2) Cyberlux has conceded that it defaulted on the Notes — and thereby breached its agreements with plaintiffs as well — by refusing to honor those notices of conversion. (Kint Dec. ¶ 4, Ex. B ¶ 38) That default made all of the outstanding Notes' principal and unpaid interest, along with default penalties, immediately due and payable. (Kint Dec. ¶ 3, Ex. A § 3.10)

Procedural Background of This Case

On September 17, 2007, plaintiffs filed this action in New York State Supreme Court, asserting claims against defendants for breach of contract and for an order directing Cyberlux to marshal its assets in preparation for foreclosure.

On September 25, 2007, defendants filed a Notice of Removal, contending that "[t]his Court has removal jurisdiction over this lawsuit under 28 U.S.C. § 1332, that conveys original

3

federal subject matter jurisdiction in cases between citizens of a state and citizens or subjects of a foreign state and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." (Kint Dec. ¶ 8, Ex. F ¶ 4)  Defendants also contended that "complete diversity has existed since the action was filed and at the time of removal." (Kint Dec. ¶ 8, Ex. F ¶ 15)  The Clerk of Court designated this removed action as 07 CV 8367.  Defendants waited until October 3, 2007, to transmit their removal papers to plaintiffs. (Kint Dec. ¶ 8)  This Motion followed.

   <u>The Prior Federal Action</u>

   In a bid to deflect attention from its default, Cyberlux filed a pre-emptive lawsuit in Federal Court.  On September 7, 2007, Cyberlux served a Summons and Complaint (the "Complaint") upon the plaintiffs in this action.  Cyberlux's complaint asserts federal claims for securities fraud and for a declaration that its agreements with plaintiffs are void under federal securities law.  The Complaint also asserts nine state-law claims sounding in tort and breach of contract.  The Clerk of Court designated that action as 07 CV 7808 (DAB). (Kint Dec. ¶ 4, Ex. B)

   On September 21, 2007, plaintiffs filed a motion to dismiss the complaint in action 07 CV 7808.  In their supporting memorandum of law, plaintiffs pointed out that complete diversity does not exist because Gary Post, a member of NMCP, shares Nevada citizenship with Cyberlux. (Kint Dec. ¶ 5 Ex. C)  In further support of that motion, plaintiffs submitted declarations by Mr. Post and by plaintiffs' manager, Corey Ribotsky, proving both Mr. Post's Nevada citizenship and his membership in NMCP. (Kint Dec. ¶¶ 6-7, Exs. D and E).

554715-2

Argument

I

THE COURT SHOULD REMAND THIS ACTION FOR
LACK OF SUBJECT-MATTER JURISDICTION

Defendants have invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(3), asserting that the Court "has removal jurisdiction over this lawsuit under 28 U.S.C. § 1332, that conveys original federal subject matter jurisdiction in cases between citizens of a state and citizens or subjects of a foreign state and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[1]  (Kint Dec. ¶¶ 8, Ex. F ¶ 4)  Defendants are correct about the amount in controversy, and that AJW Offshore is incorporated in the Cayman Islands. But their assertion that complete diversity exists is wrong as a matter of law.

In that regard, defendants seem blind to the repetition in Section 1332(a)(3) of the threshold jurisdictional requirement, set forth initially in Section 1332(a)(1), that an action must be between "citizens of different States."  28 U.S.C. § 1332(a).  Because of that requirement, diversity is destroyed by the presence of non-diverse United States citizens on opposite sides of the action without regard to whether "citizens or subjects of a foreign state are additional parties . . . ."  28 U.S.C. § 1332(a)(3).  The Third Circuit has concluded, in construing 28 U.S.C. § 1332(a)(3), that "the statute plainly requires that the dispute be between citizens of different states . . . ."  *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 497 (3d Cir. 1994).  The Court went on to hold that "the jurisdictional hook upon which the case hangs is the existence of a legitimate controversy between diverse citizens, and unless that requirement is satisfied, jurisdiction will not exist."  *Id*. at 500.

---

[1] The federal diversity statute, 28 U.S.C. § 1332, provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between — (1) citizens of different States; . . . (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties."

5

Other courts ascribe the same meaning to 28 U.S.C. § 1332(a)(3). In a case directly on point, this Court ordered remand in *Bank of New York v. Bank of America*, 861 F. Supp. 225, 229-31 (S.D.N.Y. 1994), where one defendant was an alien corporation, on the grounds that both the plaintiff and the other defendant were citizens of the same state. In short, while the presence of an alien corporation on one side of a lawsuit alongside parties who are United States citizens does not *destroy* diversity, its presence cannot *confer* diversity jurisdiction that would not otherwise exist among the United States citizens who are parties. *See, e.g., Shakour v. Federal Rep. of Germany*, 199 F. Supp. 2d 8, 14 (S.D.N.Y. 2002) (holding that complete diversity existed under § 1332(a)(3) where South Carolina citizen was on one side of lawsuit and citizens of other states and foreign countries were on other side).

As defendants are well aware, the United States citizens who are parties to this action are not completely diverse. Diversity jurisdiction will not lie unless "all of the adverse parties in a suit . . . [are] completely diverse with regard to citizenship." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388, 118 S.Ct. 2047 (1998). For purposes of diversity jurisdiction, a limited liability company has no citizenship of its own; instead, it is deemed to be a citizen of each state where one of its members has a domicile. *Handlesman v. Bedford Village Associates L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000), *citing Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *International Equity Investments, Inc. v. Opportunity Equity Partners, Ltd.*, 411 F. Supp. 2d 458, 461 n.11 (S.D.N.Y. 2006) (citations omitted); *Ferrara Bakery & Café, Inc. v. Colavita Pasta & Olive Oil Corp.*, No. 98 Civ. 4344 (LAP), 1999 WL 135234, at 1*-4* (S.D.N.Y. Mar. 12, 1999), *citing C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185, 197 (1990).

Cyberlux is a citizen both of Nevada, its state of incorporation, and North Carolina, the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Declarant Gary Post is a member of plaintiff NMCP. (Kint Dec. ¶¶ 6-7, Exs. D and E) Mr. Post's state of domicile is Nevada, and has been for the past year. (Kint Dec. ¶ 6, Ex. D) Thus, NMCP is deemed a citizen

6

of Nevada for diversity purposes.  *See, Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 347-48(7th Cir. 2006).  Accordingly, complete diversity as required by 28 U.S.C. § 1332(a)(3) does not exist in this action.

In two recent related actions, *AJW Partners, LLC, et al. v. RG Global Lifestyles, Inc., et al.*, 07 Civ. 1835(PAC) and *AJW Partners, LLC, et al. v. Bootie Beer Corp.*, 07 Civ. 18365(PAC), Judge Crotty of this Court decided the same diversity issue presented here.  (Kint Dec. ¶ 9, Ex. G)  The defendants in those actions removed them.  On a motion to remand for lack of subject-matter jurisdiction, Judge Crotty held, citing *Handelsman,* 213 F.3d at 51-52, that incomplete diversity precluded jurisdiction because in each case a member of one of the plaintiff limited liability companies was a citizen of the same state as the defendant corporation.  (Kint Dec. Ex. G)

The diversity-related facts here are virtually identical to those in the actions that Judge Crotty remanded to state court for lack of subject-matter jurisdiction.  Therefore, the Court should remand this action to New York State Supreme Court, pursuant to 28 U.S.C. § 1447(c), for the same reason.

II

THE COURT SHOULD AWARD PLAINTIFFS
THEIR LEGAL FEES AND DISBURSEMENTS

The Court should award plaintiffs the attorneys' fees and disbursements that they have incurred in bringing this Motion because defendants lacked an objectively reasonable basis for removal.  The statutory authority for this award is found in 28 U.S.C. § 1447(c), which provides in pertinent part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) the United States Supreme Court stated that "[a]ssessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." The Court went on to explain that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. at 141 (citation omitted). As examples of the former, the Court stated that "a plaintiff's delay in seeking remand or *failure to disclose facts necessary to determine jurisdiction* may affect the decision to award attorney's fees." *Id*. (emphasis added).

This case is the unfortunate realization of the non-disclosure example that the Supreme Court gave in *Martin*. Defendants did not disclose in their notice of removal the salient fact that defeats diversity: both Cyberlux and plaintiff NMCP are citizens of Nevada. Yet defendants knew that fact because plaintiffs documented it in a previous motion to dismiss Cyberlux's complaint in action 07 CV 7808. (Kint Dec. Exs. C, D, and E) Defendants' knowing omission is by itself sufficient reason to award attorneys' fees and disbursements to plaintiffs under the authority of *Martin*.

There is more. In addition to their glaring omission of fact, defendants could not have had an objectively reasonable expectation that this Court would uphold removal as a matter of law. A scant four months ago, this Court granted plaintiffs' motions to remand two other actions on facts virtually identical to those presented here, *i.e.,* a member of one of the plaintiff LLCs and the defendant are citizens of the same state. (Kint Dec. Ex. G) The attorney on the losing

8

side of those motions was Ernest E. Badway, Esq., the attorney who represents defendants in this action and who signed their Notice of Removal. (Kint Dec. ¶ 9, Exs. F and G)

These circumstances — defendants' lack of candor concerning crucial jurisdictional facts and their obvious awareness that removal is legally untenable — compel a conclusion that defendants removed this action "for the purpose of prolonging litigation and imposing costs on the opposing party . . . ." rather than upon an objectively reasonable basis. *Martin*, 546 U.S. at 140. The Court should, therefore, award plaintiffs the attorneys' fees and disbursements that they incurred in bringing this Motion.

## Conclusion

For the reasons set forth above, plaintiffs AJW Partners, LLC, AJW Offshore Ltd., AJW Qualified Partners, LLC, and New Millennium Capital Partners II, LLC respectfully request that the Court remand this action to New York State Supreme Court, issue an Order awarding plaintiffs the attorneys' fees and disbursements that they incurred in bringing this Motion, and grant such other and further relief as this Court deems just and proper.

Dated: New, York, New York
October 5, 2007

OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP

By: ___/s/ Thomas J. Fleming___
Thomas J. Fleming (TF 4423)
Jack M. Kint, Jr. (JK 7947)
*Attorneys for Plaintiffs AJW Partners, LLC, AJW Offshore Ltd., AJW Qualified Partners, LLC, and New Millennium Capital Partners II, LLC*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

554715-2