**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CYBERLUX CORPORATION,

Plaintiff,

vs.

AJW PARTNERS, LLC, AJW OFFSHORE, LTD., AJW QUALIFIED PARTNERS, LLC, and NEW MILLENNIUM CAPITAL PARTNERS II, LLC,

Defendants.

DOCKET NO.: 07-cv-7808 (DAB)

Civil Action

---

**PLAINTIFF CYBERLUX CORPORATION'S AND DONALD F. EVANS'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO REMAND, AND IN SUPPORT OF CROSS-MOTION TO STAY THE DUPLICATIVE STATE COURT ACTION**

---

**SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC**
44 Wall Street, 12th Floor
New York, New York 10005
Telephone: (212) 461-2323
Telecopier: (212) 461-2223

*Attorneys for Plaintiff Cyberlux Corporation and Donald F. Evans*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ....................................................................................1

STATEMENT OF FACTS ......................................................................................4

ARGUMENT ..........................................................................................................8

POINT I

THIS CASE SHOULD REMAIN IN FEDERAL COURT BASED UPON THE FIRST-FILED RULE.......................................................................8

POINT II

THIS CASE SHOULD ALSO REMAIN IN FEDERAL COURT BASED UNDER DIVERSITY JURISDICTION ...................................................10

POINT III

THIS COURT SHOULD STAY DEFENDANTS' DUPLICATIVE, SECOND-FILED STATE ACTION UNDER THE ANTI-INJUNCTION ACT ..............................13

CONCLUSION.....................................................................................................15

## TABLE OF AUTHORITIES

**Page**

800-Flowers, Inc. v. Intercontinental Florist, Inc.,
860 F. Supp. 128 (S.D.N.Y. 1994)....................8, 9

Adam v. Jacobs,
950 F.2d 89 (2nd Cir. 1991)....................9

Adler v. Adler,
862 F. Supp. 70 (S.D.N.Y 1994)....................11, 12

Clarendon Nat. Ins. Co. v. Pascual,
2000 WL 270862 (S.D.N.Y March 13, 2000) ....................14

First City Nat. Bank and Trust Co. v. Simmons,
878 F.2d 76 (2nd Cir. 1989)....................8

Greenblatt v. Gluck,
265 F. Supp. 2d 346 (S.D.N.Y. 2003)....................10, 11

Gutierrez v. Fox,
966 F. Supp. 214 (S.D.N.Y. 1997)....................11, 12

Handelsman v. Bedford Vill. Assos. Ltd. P'ship,
213 F.3d 48 (2nd Cir. 2000)....................10

Hilb Rogal & Hobbs Co. v. Macginnitie,
2005 WL. 441509 (D. Conn. Feb. 14, 2005) ....................8

Lion Bonding & Surety Co. v. Karatz,
262 U.S. 77 (1923)....................14

Quality King Distribs., Inc. v. KMS Research, Inc.,
946 F. Supp. 233 (E.D.N.Y. 1996) ....................8

Sharkey v. Moneypenny-Sharkey,
2007 WL 1452722 (N.D. Oh. May 15, 2007)....................11, 12

**STATUTES & RULES**

28 U.S.C. § 1331....................5
28 U.S.C. § 1332....................5, 6
28 U.S.C. § 1367....................5
28 U.S.C. § 2201(a) ....................5
28 U.S.C. § 2283....................1, 3, 13, 14
Fed. R. Civ. P. 11 ....................6

## PRELIMINARY STATEMENT

Plaintiff Cyberlux Corporation ("Cyberlux") and Donald F. Evans ("Evans") (collectively, "Plaintiffs"),[1] by way of its undersigned attorneys, Saiber Schlesinger Satz & Goldstein, LLC, submit this brief in opposition to the motion by Defendants AJW Partners, LLC ("AJW Partners"), AJW Offshore, Ltd. ("AJW Offshore"), AJW Qualified Partners, LLC, ("AJW Qualified"), New Millennium Capital Partners II, LLC ("New Millennium"), and AJW Master Fund, Ltd. ("AJW Master")[2] (collectively, "Defendants") to remand the second-filed, duplicative state action to the Supreme Court of the State of New York, or, alternatively, in support of a cross-motion to stay the second-filed, duplicative state action pursuant to The Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283.

Defendants admit that Cyberlux **first filed** a "pending action in this Court, 07 CV 7808 (DAB)" against Defendants (except AJW Master). Defendants' MOL, at 2. Cyberlux's first-filed action set forth several bases for federal subject matter jurisdiction, including federal questions and diversity jurisdiction. Notwithstanding that first-filed action, Defendants subsequently filed a duplicative action in the Supreme Court of State of New York, New York County. Defendants' second-filed state action unilaterally rejects the strong presumption in favor of first-filed actions, and ignores basic rules of civil procedure that advance judicial economy and efficiency. Plaintiffs, forced to respond to Defendants' duplicative litigation, removed Defendants' second-filed state action and concurrently move to consolidate that

---

[1] We will use the appropriate designations for the parties as indicated in Cyberlux's first-filed, federal action, 78-cv-7808 (DAB), and not Defendants' duplicative, later-filed state court action.

[2] Defendants failed to include AJW Master (a party unknown to Plaintiffs) in the caption of their Memorandum of Law in Support of the Motion to Remand, dated October 11, 2007 ("Defendants' MOL").

second-filed action with Cyberlux's first-filed action already before this Court (in papers submitted concurrently herewith).

Plaintiffs, domiciled in the State of **North Carolina** and/or **Nevada**, properly filed a Notice of Removal to this Court, because Defendants are **all** based in **New York**. Defendants now move to remand this action back to state court for lack of diversity jurisdiction based upon nothing more than two bare bone Declarations, barely 1 page each, challenging diversity jurisdiction on grounds that an alleged member of New Millennium, Gary M. Post ("Post"), purportedly resides in **Nevada**. Defendants provide only suspect documentary proofs and no meaningful analysis to support that claim.

Defendants first provide an undated and redacted New Millennium Subscription Agreement that sets forth a mailing and business address for Post in **California**. Defendants then provide a Change of Address Notice to the New Millennium Subscription Agreement by Post, dated December 21, 2006, whereby Post changes his California address to "**P.O. Box** 92, Zephyr Cove, Nevada." [Emphasis added]. That proof utterly fails to evidence a Nevada citizenship as a matter of law. This and other courts do not consider testimony merely listing a post office box sufficient to establish citizenship. Post's testimony is further undermined when the Change of Address Notice to the New Millennium Subscription Agreement lists a current **California** contact telephone number for Post, i.e., **310**-663-9090. Moreover, Plaintiffs have uncovered public documents filed days ago on September 27, 2007, that indicates Post has been a Managing Director of Ambient Advisors, LLC ("Ambient Advisors") "since 1999," and is now also the Chief Operating Officer of OXIS International, Inc. ("OXIS") as of September 24, 2007. Both Ambient Advisors and OXIS are exclusively located in **California**. In short, the record reflects that Post has strong ties to California, and little, if any, legitimate connections to Nevada.

Accordingly, Plaintiffs respectfully submit that this matter was properly removed and this Court has subject matter jurisdiction to hear the matter. Alternatively, Plaintiffs cross-move for an order to stay Defendants' second-filed, duplicative state court action under the Anti-Injunction Act, 28 U.S.C. § 2283.

## STATEMENT OF FACTS

### A. Parties

#### 1. Defendants

Defendant New Millennium is a limited liability company organized under the laws of the State of New York, having its principal place of business in Roslyn, New York. (Complaint ¶ 1). Defendant AJW Partners is a limited liability company organized under the laws of the State of Delaware, with its principal office in Roslyn, New York. (Id. ¶ 2). Defendant AJW Offshore is a corporation organized under the laws of the Cayman Islands, with its principal place of business in Roslyn, New York. (Id. ¶ 3). Defendant AJW Qualified is a limited liability company organized under the laws of the State of New York, with its principal office in Roslyn, New York. (Id. ¶ 4). Defendant AJW Master is a limited liability company organized under the laws of the Cayman Islands. (Id. ¶ 5). Curiously, Defendants fail to indicate a principal office location for AJW Master. (See Id.)

#### 2. Plaintiffs Cyberlux and Evans

Cyberlux is a corporation existing organized under the laws of Nevada, with its principal place of business at Durham, North Carolina. (Id. ¶ 6).

Evans, an officer of Cyberlux, domiciled in North Carolina, at all times acted as an agent of Cyberlux. (See Id. ¶ 7).

### B. Relevant Factual and Procedural Background

#### 1. Cyberlux's First-Filed Federal Action

On September 7, 2007, Cyberlux filed a complaint in the District Court for the Southern District of New York, 07-cv-7808 (DAB), against New Millennium, AJW Partners, AJW Offshore, and AJW Qualified (but not AJW Master) (the "Cyberlux Action"), seeking

"declaratory, injunctive, and monetary relief for the irreparable harm" based upon Defendants acting in concert to effectuate an "illegal trading scheme," in an action for, among other claims, federal securities fraud, common law fraud, misrepresentation, and breach of express and implied contract terms arising from fraudulent and deceptive secured loan financing terms. (Cyberlux Complaint ¶ 1, attached as Exhibit A to Declaration of Ernest E. Badway, sworn to on October 15, 2007 ("Badway Dec.")). Defendants induced Cyberlux to enter 10 separate Securities Purchase Agreements, together with separate and respective Securities Agreements, Registration Rights Agreements, Intellectual Property Agreements, Guarantee Agreements, and separate but largely identical Callable Secured Convertible Notes, and separate but largely identical Stock Purchase Warrant Agreements (collectively, the "Transaction Agreements"). (Id. at ¶¶ 22-23).

Cyberlux's Complaint set forth several bases for federal subject matter jurisdiction, including 28 U.S.C. §§ 1331 and 1337, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and the rules and regulations promulgated thereunder by the United States Securities and Exchange Commission ("SEC") (federal question jurisdiction); 28 U.S.C. § 1332(a)(2) (diversity jurisdiction); 28 U.S.C. § 2201(a) (declaratory relief jurisdiction); and 28 U.S.C. § 1367 (pendent jurisdiction). (Id. at ¶¶ 11-14).

Venue is proper in the New York district based upon the Transaction Agreements that control this dispute. (Id. at ¶ 15).

**2. Defendants' Second-Filed State Action**

On or about September 17, 2007, Defendants filed a Complaint against Cyberlux and Evans in the Supreme Court of the State if New York, County of New York, Index No. 603098/07, a state court embraced within this judicial district (the "Second-Filed State Action").

(Defendants' MOL, at 3). The Second-Filed State Action asserts claims against Cyberlux and one of its officer, Evans,[3] for breach of contract, specifically breach of Cyberlux's obligations pursuant to **all** of the same Transaction Agreements specific to Cyberlux's first-filed federal action. (See Complaint ¶¶ 9, 16, 24-38).

### 3. Plaintiffs File Notice of Removal on Second-Filed State Action

To effectuate removal of Defendants' Second-Filed State Action, Plaitniffs forwarded its Notice of Removal (and related papers) to a process service company on Monday, September 24, 2007. Plaintiffs had not yet reviewed Defendants' motion to dismiss papers in connection with Cyberlux's first-filed federal action, that were served one business day earlier on Friday, September 21, 2007. (See Badway Dec. ¶ 11, at 2). Accordingly, Defendants' attacks on Plaintiffs' counsel are exposed as baseless. Further, this despicable, frivolous, and vexatious litigation tactic by Defendants and their counsel may be a basis for a Fed. R. Civ. P. 11 sanctions Motion that Plaintiffs are now considering filing.

On Tuesday, September 25, 2007, the Second-Filed State Action was removed from the Supreme Court of New York, New York County, to the United States District Court for the Southern District of New York on the basis that this Court has removal jurisdiction over the Second-Filed State Action and that complete diversity existed pursuant to 28 U.S.C. §§ 1332. (Defendants' MOL, at 3-4). The Clerk of the Court designated this removed action as 07-CV-8367. (Id. at 4).

### 4. Defendants File Motion to Remand Based on Questionable and Suspect Proofs

[3] Defendants, through counsel, fall deeper into frivolous and vexatious litigation tactics in naming Mr. Evans in his personal capacity in this second-filed suit. In another action, Defendants were foreclosed from naming a corporate principal guarantor in his individual capacity. (See Stipulated Order, dated June 29, 2007, ¶ 7, at 2, attached as Exhibit G to Badway Dec.).

On October 5, 2007, Defendants moved to remand the Second-Filed State Action back to the Supreme Court of State of New York on the basis that complete diversity jurisdiction was absent, because an alleged member of New Millennium, Post, purportedly resides in Nevada. (See Declaration of Corey Ribotsky, sworn to on September 17, 2007 ("Ribotsky Dec.") ¶ 2, at 1; Declaration of Gary Post, sworn to on September 17, 2007 ("Post Dec.") ¶ 2, at 1.).

To support this claim, Defendants first provided an undated and redacted New Millennium Subscription Agreement setting forth a mailing and business address for Post in California. (Exhibit A to Ribotsky Dec.). Defendants then provided a Change of Address Notice to the New Millennium Subscription Agreement by Post, dated December 21, 2006, whereby Post changes his California address to "**P.O. Box** 92, Zephyr Cove, Nevada." (Exhibit B to Ribotsky Dec.) (emphasis added). The New Millennium Subscription Agreement also lists a current contact telephone number for Post at **310**-663-9090, which is a California telephone number. (See National Area Codes Form, attached as Exhibit F to Badway Dec.). Defendants provide nothing more to support Post's citizenship to Nevada.

**5. Plaintiffs Uncover Findings Undermining Defendants' Proofs**

Disagreeing with Defendants that the foregoing proofs exemplify "full documentation demonstrating the absence of diversity," Plaintiffs, through counsel, performed Internet research on Post in preparation for submitting this opposition to Defendants' pending motion to remand. (See Badway Dec. ¶ 4, at 2). A Google search revealed that OXIS (a party unrelated to this action) filed a Form 8-K with the SEC on September 27, 2007 that indicates that Post has been the Managing Director of Ambient Advisors "since 1999." (See Id. ¶ 5, at 2). Further, the same Form 8-K indicates that OXIS appointed Post as its Chief Operating Officer on September 24, 2007. (See Id. ¶ 6, at 2). Further Internet research revealed both Ambient Advisors and OXIS

are exclusively located in California. (See Id. ¶¶ 7 and 8, at 2). Research failed to reveal any connection between Post and Nevada. (See Id. ¶ 10, at 2).

**ARGUMENT**

**POINT I**

**THIS CASE SHOULD REMAIN IN FEDERAL COURT BASED UPON THE FIRST-FILED RULE**

Defendants have deliberately engaged in frivolous litigation by filing this duplicative state court action, and, as such, have opened themselves to sanctions.

Generally, "where an action is brought in one federal court and a later action is brought in another federal court or state court,[4] and both actions embrace the same issue, the first court has jurisdiction to enjoin the second prosecution in the absence of a balance of conveniences weighing in favor of the second suit or other special circumstances" Quality King Distribs., Inc. v. KMS Research, Inc., 946 F. Supp. 233, 237 (E.D.N.Y. 1996) ("This postulate is commonly referred to as the 'first filed' or 'first to file' rule.") (citations omitted); see also First City Nat. Bank and Trust Co. v. Simmons, 878 F.2d 76, 79 (2nd Cir. 1989). There "is a strong presumption in favor of the forum of the first-filed suit." E.g., 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 131 (S.D.N.Y. 1994). The first-filed rule "was developed to 'serve[] the purpose of promoting efficiency [] and should not be disregarded lightly." See Id. at 132 (citations omitted; alterations in original).

Not surprisingly, the party filing the second-filed suit bears a heavy "burden of demonstrating any special circumstances justifying an exception to the rule." See Id. Thus, absent sufficient "special circumstances" provided by the party filing a second duplicative suit,

[4] Some courts, but not all, apply the first-to-file rule only in disputes between two federal actions, not between a federal and state action.

courts should defer to the jurisdiction of the first-filed suit. See, e.g., Hilb Rogal & Hobbs Co. v. Macginnitie, 2005 WL 441509, *4 (D. Conn. Feb. 14, 2005) (observing that absent "special circumstances" courts "should dismiss, stay, or transfer" second-filed duplicative suits "to the jurisdiction of the first-filed suit") (citations omitted). "In fact, a district court may abuse its discretion by refusing to appropriately deal with a duplicative suit." See Id. (citing Adam v. Jacobs, 950 F.2d 89, 92 (2nd Cir. 1991)). Examples of "special circumstances" warranting an exception to the first-filed rule are rare, and, generally, isolated to cases "where 'forum shopping alone motivated the choice of the situs for the first suit.'" Intercontinental Florist, 860 F. Supp. at 131 (citations omitted).

No basis exists in the present action to ignore the bright line and universally accepted first-to-file rule. Defendants admit that Cyberlux first filed a "pending action in this Court, 07 CV 7808 (DAB)" against Defendants on September 7, 2007, ten days before Defendants filed this state action on September 17, 2007 in the Supreme Court of the State New York. (See Exhibit A, attached to Badway Dec.). Defendants' second-filed suit is duplicative, because it is based upon the same nucleus of operative facts that controls the first-filed federal suit when both disputes are governed by the same Transaction Agreements. (See Id.).

No nefarious forum shopping or "special circumstances" are at play, because Cyberlux, an out-of-state resident, chose to file its Complaint in a New York federal court. In fact, venue is proper in this Court based upon the governing Transaction Agreements that control both disputes. (See Id.). The first-filed Cyberlux action also asserted several bases for federal subject matter jurisdiction, including, but not limited to, **federal question jurisdiction**. (See Id.). Further, there can be no meaningful "balance of conveniences" to avoid the application of the

first-to-file rule, when, as here, the subject actions were both filed in the same state and involve venues located in New York City.

Accordingly, Defendants cannot meet their heavy burden to demonstrate sufficient "special circumstances" or "balances of conveniences," and this Court should apply the first-to-file rule to ensure that this case remains in federal court. This Court should deny Defendants' motion to remand this action back to the Supreme Court of the State of New York, and then consolidate Defendants' second-filed duplicative action with Cyberlux's first-filed action (already before this Court based upon diversity jurisdiction and other bases for federal subject matter jurisdiction).[5]

**POINT II**

**THIS CASE SHOULD ALSO REMAIN IN FEDERAL COURT UNDER DIVERSITY JURISDICTION**

Without question, Cyberlux first filed its Complaint and relied on federal question subject matter jurisdiction. (See Exhibit A to Badway Dec.). For that reason alone, this Court must deny Defendants' Motion to Remand.

In the unlikely event that this Court does not find federal question jurisdiction, this Court still has diversity jurisdiction. "Diversity jurisdiction requires that 'all of the adverse parties in a suit . . . be completely diverse with regard to citizenship.'" Handelsman v. Bedford Vill. Assos. Ltd. P'ship, 213 F.3d 48, 51 (2nd Cir. 2000) (citations omitted). This case should remain before this Court, because Plaintiffs' citizenships are either North Carolina and/or Nevada and Defendants' citizenships are tied to several states other than North Carolina or Nevada -- i.e., complete diversity jurisdiction.

---

[5] Cyberlux is concurrently submitting opposition to Defendants' Motion to Dismiss Cyberlux's first-filed Complaint, and moving to have this Court consolidate both actions.

For purposes of diversity jurisdiction, "a person's citizenship is determined by domicile." Greenblatt v. Gluck, 265 F.Supp.2d 346, 351 (S.D.N.Y. 2003) reconsideration denied by 265 F.Supp.2d 346 (S.D.N.Y. 2003). "It is a long-settled principle of law that while a person may have more than one residence, he may only have one domicile at any one time." Id. Domicile requires two elements: (1) the party's physical presence in the state and (2) the intent to remain in that state indefinitely. Gutierrez v. Fox, 966 F. Supp. 214, 217 (S.D.N.Y. 1997) remanded by 141 F.3d 425 (2nd Cir. 1998). In determining a party's intent, courts use a "totality of the evidence" approach, and no single factor is conclusive. Greenblatt, 265 F.Supp.2d at 351. Courts consider the following factors when determining intent: voting registration; place of employment; current residence; location of real and personal property; location of spouse and family; driver's license; automobile registration; location of bank account; payment of taxes; tax return address; and location of a person's physician. Gutierrez, 966 F. Supp. at 217. Other factors include whether the person owns or rents his place of residence and how permanent the residence appears. Greenblatt, 265 F.Supp.2d at 351.

Notably, "a party's own statements about his or her intent . . . are given only limited weight if they conflict with objective facts that tend to support a contrary intent." Gutierrez, 966 F. Supp. at 217; see also Sharkey v. Moneypenny-Sharkey, 2007 WL 1452722, *2 (N.D. Oh. May 15, 2007) (denying motion to remand when moving party provided "vague allegations concerning his residence"). "General allegations of residence, **such as listing a post office box** . . . are insufficient to establish citizenship." Sharkey, 2007 WL 1452722, at *2 (emphasis added; citation omitted). This Court has ruled that "a post office box" falls far short of satisfying the "diversity statute." Adler v. Adler, 862 F. Supp. 70, 72 (S.D.N.Y 1994) (indicating that "post office box" testimony is unreliable for diversity purposes) (citing America's Best Inns v. Best

Inns, 980 F.2d 1072, 1074 (7th Cir. 1992); Smith v. Dealers Transit, 239 F. Supp. 605 (D. Tenn. 1965)).

Against the above framework, Defendants move to remand without providing any competent evidence to challenge complete diversity jurisdiction in the present case. Defendants also fail to undertake any meaningful analysis about the factors that control diversity jurisdiction disputes discussed above. Gutierrez, Sharkey, and Adler all indicate that Defendants' hollow and vague references, turning on little more than a listing to a post office box, are woefully deficient to establish that Post is domiciled in Nevada.

Defendants merely claim that Post is a "member" of New Millennium, a limited liability company, and then challenge Plaintiffs' claim of complete diversity jurisdiction, because Post is a "citizen of Nevada." The sole support for this claim is a reference to a **post office box address** in Nevada.[6] (Ribotsky Dec.¶ 2, at 1; Exhibit B to Ribotsky Dec.). However, well settled authority (and common sense) makes clear that a post office box is not a valid address to effect (or substantiate) citizenship. Accordingly, this point alone rebuts Defendants' diversity testimony and is fatal to Defendants' motion.

Further, Defendants' scant documentary proofs actually demonstrate that Post is domiciled in California with no legitimate connection to Nevada, a point further reinforced by documentary proofs uncovered by Plaintiffs. Defendants provide only a Change of Address Notice to the New Millennium Subscription Agreement, that purportedly sets forth a post office box address for Post in Nevada, in addition to listing two current contact telephone numbers for

[6] Curiously, Defendants attempted to destroy diversity jurisdiction in two earlier actions based upon scant testimony that New Millennium, a limited liability company, had corporate members that, in turn, had individual members respectively belonging to either California or Florida. Judge Crotty observed that Defendants' testimony could be perjurious. (See Exhibit H to Badway Dec., at 3). Now, Defendants uncannily produce yet another member from yet another state far-removed from New York that just happens to destroy diversity jurisdiction.

Post with one telephone number being specific to California, i.e., **310**-663-9090. (See Exhibit F, attached to Badway Dec. (noting that "310" is the area code for Torrence, California)). In line with Post's California contact telephone number, the original New Millennium Subscription Agreement reflected that Post lived and worked for Ambient Advisors in California.

Plaintiffs also found a recently filed Form 8-K by OXIS, dated September 27, 2007, that unequivocally shows that Post has been the Managing Director of Ambient Advisors "since 1999." (See Exhibit C, attached to Badway Dec.). That same Form 8-K also indicates that OXIS appointed Post as its Chief Operating Officer on September 24, 2007. (See Id.). Both Ambient Advisors and OXIS are exclusively located in California. (See Exhibits D and E, respectively, attached to Badway Dec.).

Accordingly, Post's sworn statement of September 17, 2007 in connection with his purported Nevada citizenship is highly questionable, if not altogether fabricated. Defendants cannot support removal of this case back to the New York Supreme Court with such scant, questionable, and highly suspect "proofs." In short, the record reflects that Post lives and works in California.

As a result, this Court has no basis before it to grant Defendants' motion to remand.

## POINT III

## THIS COURT SHOULD STAY DEFENDANTS' DUPLICATIVE, SECOND-FILED STATE ACTION UNDER THE ANTI-INJUNCTION ACT

Alternatively, this Court may also deny Defendants' remand motion by applying The Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283, to stay the state court action pending final resolution of Cyberlux's first-filed federal action.

The AIA states, in pertinent part, that:

> [a] court of the United States may not grant an injunction to stay proceedings in a State Court **except** . . . **where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.**

28 U.S.C. § 2283 (2006) (emphasis added). The AIA adopts the established principle that lower courts are not generally superior to state courts, and, absent extenuating circumstances, may not interfere in state court proceedings. See Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 90 (1923).

Here, however, extenuating circumstances exist to allow this Court to stay a state court action that directly interferes with and is duplicative of a first-filed federal action. Defendants' motives for filing its duplicative litigation in state court after Defendants were named defendants in a first-filed, federal action involving the same operative facts is transparent and evidences bad-faith litigation tactics.

This Court has gone even further in this area in a previous case. For example, this Court indicated that a party, who filed a state action after already being a named defendant in federal court in connection with **distinct** operative facts displayed bad-faith litigation tactics, because the proper procedure would have been to reduce the second-filed suit to "a counterclaim" in the earlier filed federal action. See Clarendon Nat. Ins. Co. v. Pascual, 2000 WL 270862, *7 (S.D.N.Y March 13, 2000). Here, Defendants' decision to file a state court action based upon the **same** operative facts is even greater evidence of procedural misconduct than the misconduct noted in Pascual.

Accordingly, this Court has sufficient basis to protect its interests and to stay Defendants' duplicative, second-filed state court action pursuant to 28 U.S.C. § 2283.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Remand this Matter to State Court, or, alternatively, to stay Defendants' duplicative, second-filed state court action pursuant to 28 U.S.C. § 2283.

Dated: New York, New York
October 15, 2007

Respectfully submitted,

**SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC**

By: /s/ Ernest E. Badway
ERNEST E. BADWAY (EB-0105)
COLIN R. ROBINSON (CR-8072)
44 Wall Street, 12th Floor
New York, New York 10005
Telephone: (212) 461-2323
Telecopier: (212) 461-2223

Attorneys for Plaintiffs Cyberlux Corporation
and Donald F. Evan