UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AJW PARTNERS, LLC, AJW OFFSHORE, LTD,
AJW QUALIFIED PARTNERS, LLC, and NEW
MILLENNIUM CAPITAL PARTNERS II, LLC, and
AJW MASTER FUND, LTD.,

        Plaintiffs,

-against-

CYBERLUX CORPORATION and
DONALD F. EVANS,

        Defendants.

Case No. 07-CV 8367 (DAB)

ECF CASE

---

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF PLAINTIFFS' MOTION TO REMAND AND IN OPPOSITION TO
DEFENDANTS' CROSS-MOTION TO STAY STATE-COURT PROCEEDINGS

---

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
*Attorneys for Plaintiffs AJW*
*Partners, LLC, AJW Offshore Ltd.,*
*AJW Qualified Partners, LLC,*
*New Millennium Capital Partners II, LLC,*
*and AJW Master Fund, Ltd.*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

## Table of Contents

                                                                                                                                     Page

Table of Authorities .................................................................................................................. ii

Preliminary Statement ................................................................................................................ 1

Argument .................................................................................................................................... 2

    I   DEFENDANTS HAVE NOT CARRIED THEIR BURDEN OF
        PROVING THAT COMPLETE DIVERSITY EXISTS ....................................................... 2

    II  THE FIRST-TO-FILE DOCTRINE IS NOT A
        DEFENSE TO A MOTION TO REMAND ........................................................................ 4

    III THE COURT SHOULD DENY DEFENDANTS' CROSS-MOTION
        BECAUSE THE ANTI-INJUNCTION ACT BARS THIS COURT
        FROM STAYING PLAINTIFFS' STATE-COURT ACTION ............................................ 8

Conclusion ................................................................................................................................ 10

## TABLE OF AUTHORITIES

### FEDERAL CASES

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
  860 F. Supp. 128 (S.D.N.Y. 1994) ...................................................................................6

*Adam v. Jacobs*, 950 F.2d 89 (2d Cir. 1991) .................................................................................9

*Adler v. Adler*, 862 F. Supp. 70 (S.D.N.Y. 1994) ..........................................................................4

*The Alpine Group, Inc. v. Johnson*, No. 01 Civ., 5532(NRB),
  2002 WL 10495 (S.D.N.Y. Jan. 3, 2002) ..........................................................................5

*Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*,
  398 U.S. 281 (1970) ..........................................................................................................8

*Bess v. Spitzer*, 459 F. Supp. 2d 191 (S.D.N.Y. 2007) ..................................................................8

*Bower v. Weisman*, 650 F. Supp. 1415 (S.D.N.Y. 1986) .............................................................10

*Clarendon Nat. Ins. Co. v. Pascual*,
  2000 WL 270862 (S.D.N.Y. Mar. 13, 2000) ..................................................................10

*Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000), ..................................................................5

*First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76 (2d Cir. 1989) ...............................6

*Greenblatt v. Gluck*, 265 F. Supp. 2d 346 (S.D.N.Y. 2003) .........................................................4

*Gutierrez v. Fox*, 966 F. Supp. 214 (S.D.N.Y. 1997) ....................................................................4

*Handelsman v. Bedford Village Assocs. Ltd. Partnership*,
  213 F.3d 48 (2d Cir. 2000) ...............................................................................................4

*Hemmerick v. Chrysler Corp.*, 769 F. Supp. 525 (S.D.N.Y. 1991) ...............................................9

*Hilb Rogal & Hobbs Co. v. MacGinnitie*, No. Civ. A.3:04CV1541(JCH),
  2005 WL 441509 (D. Conn. Feb. 14, 2005) ....................................................................7

*Hill v. Delta Int'l Machinery Co.*, 386 F. Supp. 2d 427 (S.D.N.Y. 2005) .....................................2

*Lion Bonding & Surety Co. v. Karatz*, 262 U.S. 77 (1923) ..........................................................9

*McFarland v. Scott*, 512 U.S. 849 (1994) .....................................................................................8

*Quality King Distributors, Inc. v. KMS Research, Inc.*,
  946 F. Supp. 233 (E.D.N.Y. 1996) ..................................................................................6

*Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462 (S.D.N.Y. 2001).................................5

*Retirement System of Ala. v. J.P. Morgan Chase & Co.*,
  386 F.3d 419 (2d Cir. 2004)...........................................................................................9

*Sharkey v. Moneypenny-Sharkey*, No. 1:07 CV 1089,
  2007 WL 145722 (N.D. Ohio May 15, 2007)................................................................4

*Smith v. Dealers Transit, Inc.*, 239 F. Supp. 605 (D. C. Tenn. 1965) ................................3

*The Herrick Co. v. SCS Comms., Inc.*, 251 F.3d 315 (2d Cir. 2001).................................5

*The Port Authority of New York and New Jersey v. Allianz Ins. Co.*,
  443 F. Supp. 2d 548 (S.D.N.Y. 2006)............................................................................5

*Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623 (1977) .....................................................8

*Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381 (1998) .....................................5

## FEDERAL STATUTES

28 U.S.C. § 1404................................................................................................................10

Anti-Injunction Act, 28 U.S.C. § 2283 ...................................................................... 2, 8-10

Plaintiffs AJW Partners, LLC, AJW Offshore Ltd., AJW Qualified Partners, LLC, New Millennium Capital Partners II, LLC, and AJW Master Fund. Ltd. (collectively, the "Plaintiffs"), by their attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP, submit this reply memorandum of law in further support of their motion to remand this action to New York State Supreme Court, and in opposition to defendant Cyberlux Corporation's and Donald F. Evans's alternative cross-motion to stay plaintiffs' state-court proceedings following remand.

## Preliminary Statement

Defendants — who style themselves as "Plaintiffs" in their opposition to this motion as part of their conceit that this action is merely a counterclaim in their existing federal action — concede that complete diversity does not exist if a plaintiff shares defendants' citizenship. But they refuse to acknowledge their burden to prove complete diversity. Faced with a sworn affidavit from Gary Post, a member of plaintiff New Millennium, that his domicile is Nevada, defendants retort that Mr. Post holds positions at two California-based companies. This response is of course insufficient to prove complete diversity. And any doubts it might raise must be resolved against removal.

Now that defendant Cyberlux has defaulted on over $5 million in Notes, it seeks to delay plaintiffs' enforcement efforts on the theory that plaintiffs must wait until the Court has adjudicated the validity of its securities-fraud claims. Thus, defendants argue that the first-to-file doctrine trumps the rule that no action is removable unless a federal court could have exercised original jurisdiction over it when it was filed in state court. This argument, however, assumes *a priori* such jurisdiction, the existence of which is the central issue on this motion.

Defendants also cross-move, in anticipation of remand, to enjoin further proceedings in state court. Although defendants concede that normally the Anti-Injunction Act bars such a remedy, they contend that an exception for protection of this Court's jurisdiction applies. This

556245-2

contention is wrong. It is black-letter law that an injunction cannot issue to restrain a state action *in personam* involving the same subject matter from going on at the same time.

The Court should, therefore, grant this Motion and deny defendants' cross-motion.

<u>Argument</u>

I

DEFENDANTS HAVE NOT CARRIED THEIR BURDEN OF
PROVING THAT COMPLETE DIVERSITY EXISTS

Defendants tacitly concede that complete diversity does not exist if a member of one of the plaintiff limited liability companies shares Nevada or North Carolina citizenship with defendants. That concession notwithstanding, they attempt to shift the evidentiary burden on this Motion to plaintiffs. They argue that plaintiffs "move to remand without providing any competent evidence to challenge diversity jurisdiction . . . ." and that "a post office box is not a valid address to effect (or substantiate) citizenship." (Def. Mem. p. 12)

This argument has the rule exactly backwards. In reality, "'the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" *Hill v. Delta Int'l Machinery Co.*, 386 F. Supp. 2d 427, 429 (S.D.N.Y. 2005) (citations omitted) "Out of respect for the independence of state courts, and in order to control the federal docket, 'federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Id.* (citations omitted)

In this case, defendants' proof consists of a public disclosure that on September 24, 2007, a California-based company called Oxis International appointed Mr. Post, who is Managing Director and Investment Principal of Ambient Advisors, LLC, also a California-based company, as its Chief Operating Officer. (Badway Dec. Exs. C and E) Defendants also submit an internet web page showing that Ambient Advisors has a California telephone number. (Badway Dec. Ex. D)

2

556245-2

These documents do not establish that Mr. Post is California resident nor rebut his sworn affidavit that his domicile is in Zephyr Cove, Nevada. (Kint Dec. Ex. D) As one federal Court judge, in a case cited by defendants, stated in ordering remand, "the absence of proper allegations [in a removal petition] of citizenship at the time of the commencement of these actions cannot be supplied by inference . . . ." *Smith v. Dealers Transit, Inc.*, 239 F. Supp. 605, 607 (D. C. Tenn. 1965), *citing La Belle Box Co. v. Stricklin*, 218 F. 529, 533 (6th Cir. 1914). Defendants, obviously aware that they have proved nothing, resort to smearing Mr. Post's integrity. They speculate that his affidavit is "highly questionable, if not altogether fabricated." (Def. Mem. p. 12) But speculation is not proof.

Defendants broaden this smear by contending that plaintiffs "attempted to destroy diversity jurisdiction in two earlier actions based upon scant testimony that New Millennium, a limited liability company, had corporate members that, in turn, had individual members respectively belonging to either California or Florida. Judge Crotty observed that defendants' testimony could be perjurious." (Def. Mem. p. 12 n. 6)

This account is a complete distortion of plaintiffs' success in remanding two earlier actions to state court. Plaintiffs did not "attempt[] to destroy diversity." (Def. Mem. p. 12 n. 6) In truth, Judge Crotty remanded those actions because there was no diversity. (Kint Dec. Ex. G) Judge Crotty did not suggest, as defendants insinuate, that plaintiffs offered false evidence. Instead, he rebutted the defendants' argument that plaintiffs' evidence was "self-serving and insufficient to support the conclusion that this Court has jurisdiction." (Kint Dec. Ex. G, p. 3) The judge wrote that "[i]f Plaintiffs have knowingly offered perjurious statements there are remedies available to defendants, but the mere assertion that the statements are disingenuous is inadequate to demonstrate that this Court has jurisdiction." (Kint Dec. Ex. G, p. 3) The fact that the defendants in those cases have not pursued any remedies shows that they too understand that diversity does not exist.

3

556245-2

The cases that defendants cite, including several for their argument that a P.O. Box listed in Mr. Post's change-of-address notice is inadequate proof of Nevada citizenship, are inapposite because they involve the adequacy of the proof of citizenship offered by the party — in this matter, the removing defendants — that asserts diversity jurisdiction: *Sharkey v. Moneypenny-Sharkey*, No. 1:07 CV 1089, 2007 WL 145722, at *2 (N.D. Ohio May 15, 2007) (dismissing action for lack of diversity); *Gutierrez v. Fox*, 966 F. Supp. 214, 216 (S.D.N.Y. 1997) (same); *Greenblatt v. Gluck*, 265 F. Supp. 2d 346, 351-52 *(S.D.N.Y. 2003) (same); *Adler v. Adler*, 862 F. Supp. 70, 72 (S.D.N.Y. 1994) (ordering remand for lack of diversity); and *Handelsman v. Bedford Village Assocs. Ltd. Partnership*, 213 F.3d 48, 52 (2d Cir. 2000) (reversing with instructions to remand case to state court for lack of diversity).

Here, the Court should reach the same result as Judge Crotty did in remanding plaintiffs' other recent matters, and for the same reason: defendants have not carried their burden of proving complete diversity. If the Court has any doubts concerning the citizenship facts, it should resolve them against removal and grant this Motion. *Hill, supra*.

II

THE FIRST-TO-FILE DOCTRINE IS NOT A
DEFENSE TO A MOTION TO REMAND

Defendants invoke the first-to-file doctrine, arguing that because they filed Civil Action No. 07 CV 0708 in this Court before plaintiffs filed this action, which defendants have removed as Civil Action No. 07 CV 8367, plaintiffs cannot maintain this action in state court. (Def. Mem. pp. 10-11) This argument's fundamental flaw is to assume federal jurisdiction *a priori* rather than focus on the parties' status at the time plaintiffs filed this action in state court.[1] That

---

[1] Defendants attempt to ignore this action's distinct existence by filing their opposition to this Motion under the caption of their existing federal action, 07 CV 7808, and styling themselves as "Plaintiffs" in this action, and plaintiffs as "Defendants," which they consider "appropriate designations." (Def. Mem. p. 1 n. 1) Since serving their opposition brief, defendants have filed in 07 Civ 7808 a pleading in response to the Complaint in this action, entitled "Reply to

4

approach is incorrect because a federal court faced with a motion to remand an action must "look at the case as of the time it was filed in state court . . . ." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 390 (1998), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). "As of that time, a case that involved 'incomplete diversity' automatically would have fallen outside the federal courts' 'original jurisdiction.'" *Id*.

For this purpose, a removed action retains its distinct state-court character. In *The Herrick Co. v. SCS Comms., Inc.*, 251 F.3d 315, 321 (2d Cir. 2001), for example, the defendants moved to dismiss after trial on the grounds that several partners of a defendant partnership were not diverse. The Second Circuit held that the plaintiffs had not established complete diversity, and remanded the action to the district court for further consideration. *Id.* at 323.

The bedrock requirement of original jurisdiction is thus not susceptible to the first-to-file doctrine, which empowers a district court only to "stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000), *citing Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). It "applies to concurrent federal litigation — not concurrent state/federal litigation." *Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 473 (S.D.N.Y. 2001). *Accord, The Alpine Group, Inc. v. Johnson*, No. 01 Civ., 5532(NRB), 2002 WL 10495, at *4 (S.D.N.Y. Jan. 3, 2002).

Judge Mukasey applied these rules in *The Port Authority of New York and New Jersey v. Allianz Ins. Co.*, 443 F. Supp. 2d 548 (S.D.N.Y. 2006). After the plaintiff insureds in that case moved to remand, the defendant insurers filed two motions, one of them seeking to dismiss the removed action "pursuant to the prior pending action or first-filed doctrine . . . ." because the

---

Defendants' Improperly Plead [sic] Counterclaims." In that pleading, defendants explain that they filed it in reliance upon *Clarendon Nat. Ins. Co. v. Pascual*, 2000 WL 270862, at *7 (S.D.N.Y. Mar. 13, 2000), which they contend indicates that the "proper procedure in this context is to reduce Defendants' claims in second-filed suit to 'counterclaim[s]." Defendants' conceit that this action does not really exist creates unnecessary confusion. It also demonstrates

5

556245-2

parties were then involved in a related federal action in this District. *Id*. at 551, 552 n. 5. After Judge Mukasey granted the motion to remand, he denied the motion to dismiss based on the first-to-file doctrine, which was not fully briefed: "[b]ecause I find this case must be remanded to state court, I have no authority to decide the [first-to-file] motion." *Id*. at 552 n. 5, 556.

The outcome in *Port Authority v. Allianz* is, of course, the ineluctable result of the rule that on a motion to remand, a court must determine whether it could have exercised original jurisdiction over the state-court action. *Schact, supra*. Put a different way, a court cannot apply the first-to-file doctrine unless it already has jurisdiction. On a motion to remand, jurisdiction is not assumed. Indeed, the issue on remand is whether the Court could have exercised original jurisdiction over the action at the time of filing in state court. Thus, the first-to-file doctrine simply has no bearing on a motion to remand.

Defendants provide no authority for their notion that the first-to-file doctrine is a defense to a motion to remand. In fact, three of the four cases that they cite in putative support of that notion do not involve objections to removal or a motion to remand. In *Quality King Distributors, Inc. v. KMS Research, Inc.*, 946 F. Supp. 233, 235, 240 (E.D.N.Y. 1996), the Court denied a motion to dismiss or stay, in favor of a subsequently filed California state-court lawsuit, an action that had been removed to the Eastern District of New York, apparently without objection on the plaintiff's part. In *First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76, 78, 80 (2d Cir. 1989), the Second Circuit affirmed dismissal of an action brought in this District in favor of a lawsuit previously filed in federal court in Oklahoma. In *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, (S.D.N.Y. 1994), the Court granted a motion to dismiss an action that had been brought in this District, in favor of a previously filed action that had been removed to federal court in Florida.

---

unwittingly that defendants are increasingly unmoored from the Federal Rules of Civil Procedure, the Judiciary Act, and simple reality.

6

Only the opinion in *Hilb Rogal & Hobbs Co. v. MacGinnitie*, No. Civ. A. 3:04 CV1541(JCH), 2005 WL 441509 (D. Conn. Feb. 14, 2005), involves a motion to remand. *Hobbs*, however, is distinguishable because no party disputed the Court's original jurisdiction and the first-to-file rule played no part in its decision on remand. The plaintiffs moved "to remand based not on MacGinnitie's failure to satisfy the requirements of federal diversity jurisdiction, but based on what HRH argues is MacGinnitie's express waiver of his right to remove." *Id.* at *2. The Court denied the motion to remand on the waiver issue. *Id.* at *3.

The Court then applied the first-to-file doctrine separately to the defendant's motion to dismiss the action or transfer it in favor of a lawsuit filed previously in another federal district court. *Id.* at *4-6. The Court dismissed the action before it without prejudice. *Id.* at *6.

Here, fairness dictates that plaintiffs be permitted to proceed in state court. After defaulting on plaintiffs' Notes, defendant Cyberlux filed defective securities-fraud claims in this Court. Plaintiffs have moved to dismiss.[2] Cyberlux's true goal is to delay plaintiffs' enforcement efforts, forcing them to litigate the default months from now, after the motion to dismiss is resolved. By then, however, Cyberlux's marginal business may have collapsed.

Thus, the Court should follow the original-jurisdiction rule, and the resulting precedent set by Judge Mukasey in *Port Authority v. Allianz*, by remanding this action without regard to the first-to-file doctrine.

---

[2] Defendants' first-to-file argument may soon be moot because Cyberlux evidently has forfeited its first-to-file status. Plaintiffs moved to dismiss the complaint in 07 CV 0708 on September 21, 2007. Although Cyberlux's opposition brief was due on October 5, 2007, plaintiffs have not received any opposition papers and the docket sheet does not record the filing of any such papers or any extension of time. Because of this default, plaintiffs have written to the Court requesting an immediate Order of dismissal.

7

556245-2

III

THE COURT SHOULD DENY DEFENDANTS' CROSS-MOTION
BECAUSE THE ANTI-INJUNCTION ACT BARS THIS COURT
FROM STAYING PLAINTIFFS' STATE-COURT ACTION

In their alternative cross-motion, defendants purport to invoke the Anti-Injunction Act, 28 U.S.C. § 2283, as the basis for an Order staying this action once the Court remands it to New York State Supreme Court. (Def. Mem. pp. 13-14) Defendants have misinterpreted this statute, which provides as follows: "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

Courts must construe this statute narrowly and strictly. "Federal courts cannot enjoin state-court proceedings unless the intervention is authorized expressly by federal statute or falls under one of two other exceptions to the Anti-Injunction Act." *McFarland v. Scott*, 512 U.S. 849, 857 (1994). Absent that, "the Act is an absolute prohibition against any injunction of any state-court proceedings . . . ." *Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 629 (1977). Nor may a court enlarge those narrow exceptions "by loose statutory construction." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287 (1970).

Here, defendants do not identify any federal statute that might authorize this Court to enjoin a breach-of-contract action in state court. *See, Bess v. Spitzer*, 459 F. Supp. 2d 191, 202 (S.D.N.Y. 2007) ("[T]he plaintiff does not point to any Act of Congress specifically authorizing enjoining his prosecution."). And they do not contend that this Court must protect a judgment. *See, id.* at 203 ("This exception is not applicable here, as no federal court has yet passed on the issues raised by the plaintiffs.").

That leaves only the Anti-Injunction Act's exception for protection of this Court's jurisdiction. This exception applies in only two circumstances, neither of which is present here. One circumstance is where a federal court has jurisdiction over an action *in rem*. *Id.* (citations

8

omitted). This, however, is not an action *in rem*. *See, Hemmerick v. Chrysler Corp.*, 769 F. Supp. 525, 531 (S.D.N.Y. 1991).

The other circumstance is where the state court would "seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line*, 398 U.S. at 295. This criterion is not satisfied here. "An action brought to enforce (a personal liability) does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending." *Vendo Co.*, 433 U.S. at 642, *quoting Kline v. Burke Constr. Co.*, 260 U.S. 226, 230 (1922). *Accord, Retirement System of Ala. v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 426, 430-31(2d Cir. 2004) (stating that reversal of injunction "only risks subjecting defendants to simultaneous litigation in federal and state courts — a familiar feature of our judicial system"); *Bower v. Weisman*, 650 F. Supp. 1415, 1418 (S.D.N.Y. 1986) ("The settled rule is that an injunction cannot issue to restrain a state action *in personam* involving the same subject matter from going on at the same time.").

Despite these controlling authorities, defendants argue that "extenuating circumstances allow this Court to stay a state action that directly interferes with and duplicates and is duplicative of a first-filed federal action." (Def. Mem. p. 14) Apparently, these "extenuating circumstances" are plaintiffs' "bad-faith litigation tactics" and "procedural misconduct," *i.e.*, the temerity to file a state-court action to recover the millions of dollars that they loaned to Cyberlux rather than waiting for months to resolve the motion to dismiss their defective complaint. (Def. Mem. p. 14) Any such delay, of course, is welcome relief for a cash-deprived debtor who owes plaintiffs more than $5 million. And plaintiffs' filing of this action in state court was entirely legitimate because even in federal court "[n]othing in Rule 13 prevents the filing of a duplicative action instead of a compulsory counterclaim." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

Defendants offer no authority that this action is an exception to the Anti-Injunction Act. *Lion Bonding & Surety Co. v. Karatz*, 262 U.S. 77, 89-90 (1923), a case that defendants miscite

9

for the non-existent rule that "extenuating circumstances" permit a federal court to stay a state-court action (Def. Mem. p. 14), cuts against defendants because it reverses two appellate decisions under the rule that federal statute "prohibits courts of the United States from staying proceedings in courts of a state." (citation omitted). Defendants' other case, *Clarendon Nat'l Ins. Co. v. Pascual*, No. 99 Civ. 10840(JGK)(AJP), 2000 WL 270862 (S.D.N.Y. Mar. 13, 2000), involves an application for transfer under 28 U.S.C. § 1404, not the Anti-Injunction Act. The Court should, therefore, deny defendants' cross-motion.

Conclusion

For the reasons set forth above, and in their initial memorandum of law, plaintiffs AJW Partners, LLC, AJW Offshore Ltd., AJW Qualified Partners, LLC, New Millennium Capital Partners II, LLC, and AJW Master Fund. Ltd., respectfully request that the Court remand this action to New York State Supreme Court, issue an Order awarding plaintiffs the attorneys' fees and disbursements that they incurred in bringing this Motion, issue an Order denying defendants' cross-motion to stay plaintiffs' state-court action, and grant such other and further relief as this Court deems just and proper.

Dated: New, York, New York
October 22, 2007

          OLSHAN GRUNDMAN FROME
          ROSENZWEIG & WOLOSKY LLP

       By: /s/ Thomas J. Fleming
          Thomas J. Fleming (TF 4423)
          Jack M. Kint, Jr. (JK 7947)
          *Attorneys for Plaintiffs AJW Partners, LLC,*
          *AJW Offshore Ltd., AJW Qualified*
          *Partners, LLC, New*
          *Millennium Capital Partners II, LLC, and AJW*
          *Master Fund, Ltd.*
          Park Avenue Tower
          65 East 55th Street
          New York, New York 10022
          (212) 451-2300