UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
AJW PARTNERS, LLC, AJW OFFSHORE, LTD.,
AJW QUALIFIED PARTNERS, LLC, NEW
MILLENNIUM CAPITAL PARTNERS II, LLC
and AJW MASTER FUND, LTD.

                           Plaintiffs,

      -against-                      07 Civ. 8367 (DAB)
                                          ORDER

CYBERLUX CORP. and DONALD F. EVANS,

                         Defendants.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     On September 17, 2007, Plaintiffs AJW Partners, LLC, AJW Offshore, Ltd., AJW Qualified Partners, LLC, New Millennium Capital Partners II, LLC and AJW Master Fund, Ltd. filed suit in New York State Supreme Court, New York County against Defendants Cyberlux Corp. and Donald F. Evans, alleging breach of contract claims arising out of a 2004 securities purchase agreement and other related agreements between the Parties. On September 26, 2007, Defendants removed the action to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446. Now before the Court are Plaintiffs' Motion to Remand the action to New York State Supreme Court, which Defendants oppose, and Defendants' Cross-Motion to Stay this action during the pendency of a parallel action that Defendant Cyberlux Corp. filed in this Court on September 4, 2007. Plaintiffs contend that the action was improperly removed

from New York State Supreme Court because there is a lack of complete diversity between the parties. Specifically, Plaintiffs claim that New Millennium Capital Partners II, LLC is a Nevada citizen by virtue of the domicile of one of its members and that complete diversity is therefore lacking because Defendant Cyberlux Corp. is also a citizen of that state by virtue of having been incorporated there. For the reasons set forth below, Plaintiffs' Motion to Remand is GRANTED and Defendants' Cross-Motion is DENIED. Plaintiffs' Motion for a Preliminary Injunction, filed on March 6, 2008, is also DENIED.[1]

BACKGROUND

On September 4, 2007, Cyberlux Corp. filed an action in this Court against AJW Partners, LLC, AJW Offshore, Ltd., AJW Qualified Partners, LLC and New Millennium Partners II, LLC. The Complaint in that action, 07 Civ. 7808 (DAB) (the "September 4, 2007 action"), alleges violations of section 10b-5 of the Securities Exchange Act of 1934 and a number of state law claims. Cyberlux Corp. seeks damages, declaratory relief and injunctive relief in that action. The instant action, removed from New York

---

[1] Plaintiffs' application for an award of attorneys' fees and costs associated with the filing of this Motion to Remand is denied.

2

State Supreme Court, seeks only damages. The two actions also differ in that the instant action names AJW Master Fund, Ltd. as a plaintiff and Donald F. Evans as a defendant, whereas the September 4, 2007 action does not. On September 21, 2007, the defendants in the September 4, 2007 action filed a motion to dismiss Cyberlux Corp.'s complaint. In a declaration filed in support of that motion, the defendants noted that both New Millennium Capital Partners II, LLC and Cyberlux Corp. were Nevada citizens. (Kint Decl. Ex. C.) Five days after the filing of the motion to dismiss in the September 4, 2007 action, the Defendants herein moved to remove the instant action to this Court on the basis of federal diversity jurisdiction.

In support of their motion to dismiss the September 4, 2007 action, plaintiffs filed a Declaration by Gary Post, dated September 17, 2007, in which he states that he has been a resident of Zephyr Cove, Nevada since 2006 and that he has no plans to move or relocate to another state. (Kint Decl. Ex. D.) Plaintiffs also provided a copy of a letter dated December 21, 2006 sent by Post to New Millennium Capital Partners II, LLC advising that he had changed his address from "P.O. Box 24976, Los Angeles, CA 90024" to "P.O. Box 92, Zephyr Cove, NV 89448." (Id. Ex. E.) In another Declaration, Corey Ribotsky, "the executive with responsibility for managing plaintiff New

Millennium Capital Partners II, LLC," states that "Gary Post was a member of [New Millennium Capital Partners II, LLC] when this case was filed in September 2007, and appeared in our records as a Nevada resident." (Id.)

Defendants in this action, seeking to cast doubt on Gary Post's purported Nevada domicile, have filed a Declaration of their own in support of their opposition to Plaintiffs' Motion to Remand. Defendants' counsel Ernest Badway states that "[a] Google search failed to identify any connection between Mr. Post and Nevada." (Badway Decl. ¶ 10.) Badway's internet research on October 12, 2007 using Google did, however, turn up evidence that Post has been a director and officer of two companies that are located in California. (Id. ¶¶ 4-8.) Aside from noting that Post apparently has professional ties to California companies and has a California telephone number, Defendants provide no evidence contradicting Post's Declaration that he has lived in Nevada since December 2006. Nor do Defendants bring forth any evidence that Post is a domiciliary of a state other than Nevada.[2]

---

[2] The Court takes notice that in a Reply Declaration, dated November 2, 2007, filed in support of defendants' motion to dismiss the September 4, 2007 action, Gary Post states that his home address is 325 Seminole Way, Zephyr Cove, Nevada 89448. Post also attached to the Reply Declaration, a photocopy of his Nevada drivers licence which bears an expiration date of April 2, 2011 and indicates his address as P.O. Box 92, Zephyr Cove, NV 89448.

4

DISCUSSION

"[A]ny civil action brought in a State court of which the districts courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the . . . district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In order for a federal district court to exercise diversity jurisdiction over an action, pursuant to 28 U.S.C. § 1332, it is necessary that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 930 (2d Cir. 1998) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). "Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also 28 U.S.C. § 1441(b); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Any doubts as to whether federal jurisdiction exists are to be resolved against removability. Lupo v. Human Affairs Int'l, 28 F.3d 269, 274 (2d Cir. 1994) (quoting Solmlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)). Furthermore, the party seeking removal bears the burden of establishing federal jurisdiction. See United Food & Commercial Workers Union v. CenterMark Properties Meriden

Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). When resolving issues surrounding subject matter jurisdiction, a district court is not confined to the complaint and may refer to evidence outside the pleadings, such as affidavits. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)); see also Frisone, 369 F. Supp.2d at 469-70 ("no presumptive truthfulness attaches to the complaint's jurisdictional allegations").

To determine whether this matter could appropriately have been removed based on diversity jurisdiction, the Court must examine the jurisdictional facts that existed as of the date of removal:

> [i]t is not relevant in determining the propriety of removal -- which is measured as of the date of the removal -- that diversity was later created by dismissal of the non-diverse defendant. If the removal was not proper in the first instance, the state court was never divested of jurisdiction and the federal court consequently has no jurisdiction to exercise.

Vasura v.Acands, 84 F. Supp.2d 531, 536 (S.D.N.Y. 2000) (citing Jackson v. Allen, 132 U.S. 27, 34 (1889) (where no diversity existed at time of removal, state court jurisdiction was not divested and case was remanded)). If diversity jurisdiction did not exist based on the allegations contained in the original Complaint in this action and based on the Parties' proofs in

connection with the instant Motion to Remand, then the matter was improperly removed to federal court. A federal district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The original Complaint filed in New York Supreme Court appeared, on its face, to support diversity jurisdiction because each of the Plaintiffs were alleged to have been domiciled in either New York or in the Cayman Islands, Defendants were alleged to have been either North Carolina or Nevada domiciliaries and the amount in controversy was alleged to have been in excess of $6,000,000. (Kint Decl. Ex. F.) Plaintiffs, however, have brought forth evidence that New Millennium Capital Partners II, LLC is also deemed to be a Nevada domiciliary. Specifically, Plaintiffs offer Declarations showing that Gary Post, a member of New Millennium Capital Partners II, LLC, was domiciled in Nevada as of the date that Defendants removed the action to this Court. (See Kint. Decl. Exs. D & E.) It is well established that a limited liability company is deemed to be a citizen of every state where its members are citizens. See Handlesman v. Bedford Village Associates, L.P., 213 F.3d 48, 51-52 (2d Cir. 2000) (citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)). Plaintiffs therefore contend that the complete diversity

of citizenship necessary to confer subject matter jurisdiction over this action is lacking because both Plaintiff New Millennium Capital Partners II, LLC and Defendant Cyberlux Corp. are Nevada citizens.

Defendants for their part conclusorily question the veracity of the Declarations showing that Post is a Nevada citizen. They offer evidence obtained through internet searches that tends to show that Post is a director of a California business and an officer of another California business. (Badway Decl. ¶¶ 4-10.) Defendants, however, have brought forth no evidence at all regarding Post's domicile -- the precise issue that is entirely dispositive of the instant Motion to Remand. It is Defendants' burden to demonstrate that the removal of this action from New York State Supreme Court was proper. See United Food & Commercial Workers Union, 30 F.3d at 301; see also Frontier Ins. Co. v. MTN Owner Trust, 111 F. Supp.2d 376, 378 (S.D.N.Y. 2000) ("It is axiomatic that, for removal to be considered proper, the removing party must demonstrate that this Court is endowed with the requisite subject matter jurisdiction"). The Court finds that Plaintiffs have demonstrated that Post (and therefore New Millennium Capital Partners II, LLC) is a Nevada citizen and that Defendants have failed to carry their burden to show otherwise.

Defendants contend that the Court should deny the Motion to

Remand based upon the first-filed rule, arguing that the Court should stay the instant action while the first-filed September 4, 2007 action proceeds. Defendants' insistence that this action and the September 4, 2007 action are identical is wrongheaded given that the parties involved in the two cases are not exactly identical and that the relief and types of claims raised in each differ substantially.[3] It is entirely irrelevant to this Motion to Remand whether the Court has subject matter jurisdiction over the September 4, 2007 action; they are two separate actions. Moreover, in the absence of subject matter jurisdiction, the Court has no authority to do anything with this case, let alone to enjoin an action over which a state court has exclusive jurisdiction. See Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94 (1998) ("'[w]ithout jurisdiction the court cannot proceed at all in any cause'") (quoting Ex parte McCardle, 74 U.S. 506, 514 (1868)); see also Port Authority of New York and New Jersey v. Allianz Ins. Co., 443 F. Supp.2d 548, 552 n.5 (S.D.N.Y. 2006) (observing that it would be improper to consider defendants' motions under the first-filed rule when the court had determined that it lacked subject matter jurisdiction in deciding a motion to remand by plaintiff). Defendants' argument regarding

---

[3] There is a motion to dismiss pending in the September 4, 2007 action, which will be addressed in a separate order docketed under 07 Civ. 7808 (DAB).

the first-filed rule is completely without merit.

Accordingly, the Court having found that Plaintiff New Millennium Capital Partners II, LLC and Defendant Cyberlux Corp. both share Nevada citizenship, Plaintiffs' Motion to Remand is GRANTED and the case will be remanded to New York State Supreme Court pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons Plaintiffs' Motion to Remand the action to New York State Supreme Court is hereby GRANTED and Defendants' Cross-Motion to Stay this action pursuant to the first-filled rule is DENIED. Plaintiffs' Motion for a Preliminary Injunction (Docket Entry No. 16) is also DENIED because the Court lacks subject matter jurisdiction over this action. The Clerk of the Court is directed to transmit the file in this matter, along with a copy of this Order, to the Clerk of the New York State Supreme Court, New York County and to close the docket in this case.

SO ORDERED.

Dated:   New York, New York
         March 17, 2008

*Deborah A. Batts*

Deborah A. Batts
United States District Judge